997 So.2d 144 (2008)
STATE of Louisiana, Appellee
v.
Bonnie Ray TILLMAN, Appellant.
No. 43,569-KA.
Court of Appeal of Louisiana, Second Circuit.
October 22, 2008.
*145 Carey J. Ellis, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, Joseph Gregorio, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before BROWN, MOORE and LOLLEY, JJ.
MOORE, J.
The defendant, Bonnie Ray Tillman, entered a Crosby plea of guilty to the charge of driving while under the influence, fourth offense, reserving his right to appeal the denial of his motion to quash the indictment for the State's failure to bring him to trial within two years from the institution of prosecution. He was sentenced to 30 years imprisonment at hard labor, with 60 days to be served without the benefit of probation, parole or suspension of sentence. He was also fined $5,000.00, in default of which he was sentenced to serve 90 days in the parish jail. The sentence was ordered to run concurrent with any other sentence the defendant was obligated to serve. The defendant now appeals. We amend the sentence to vacate that portion of the sentence imposing jail time in default of payment of the $5,000.00 fine and costs, and as amended, we affirm.

FACTS
On August 4, 2004, Bonnie Ray Tillman was arrested and charged with driving while under the influence and improper lane change. The court set bond in the amount of $1,200.00. Tillman signed and posted an appearance bond through a bondsman guaranteeing that he would appear before the court on November 3, 2004, at 9:00 a.m.
On September 1, 2004, the state filed a bill of information charging the defendant with DWI, fourth offense. When the defendant failed to appear at the hearing of November 3, 2004, the trial court ordered his bond forfeited and issued a bench warrant for his arrest. A judgment of bond forfeiture was signed on December 6, 2004.
The next proceeding of record occurred on July 14, 2005, when Safety National Casualty Corporation filed a motion to have the bond forfeiture deemed satisfied on the basis that the defendant was incarcerated in the J.B. Evans Correctional Center in Newellton, Louisiana. According *146 to a letter of incarceration from LCS corrections Services, Inc. attached to the motion, the defendant had been incarcerated since April 18, 2005. The motion to set aside bond forfeiture was granted on July 20, 2005.
According to the trial court's minutes, the defendant came before the court on July 27, 2006, via video feed where he was advised of his rights and referred to the indigent defender board. On January 16, 2007, he appeared in person before the court, waived arraignment and pleaded not guilty. On January 17, 2007, the defendant filed a pro se motion entitled "Motion for Speedy Trial or Dismissal of Prosecution." The district court denied the motion for speedy trial on February 9, 2007.
On May 7, 2007, defendant's counsel made an oral motion to quash the indictment on the basis that the time for bringing the defendant to trial had run under La. C. Cr. P. art. 578. The motion was argued on December 10, 2007, wherein the state argued that the defendant's failure to appear at the November 3, 2004 hearing interrupted the time limitation. Furthermore, the state argued that the defendant's January 17, 2007 pro se "Motion for Speedy Trial or Dismissal of Prosecution" was a "motion to quash" that suspended prescription.
Defense counsel did not contest his client's failure to appear, but argued that, based upon testimony of the defendant's probation officer, Orlando Beene, during a probation revocation hearing on May 29, 2007, the cause of the interruption ceased to exist on February 20, 2005, when the defendant was taken into custody by the state. Lastly, the defendant argued that his pro se motion of January 17, 2007 was actually a motion for speedy trial which does not suspend the running of prescription, rather than a motion to quash. Accordingly, the defendant contended that when the state failed to bring him to trial by February 20, 2007, two years after he was taken into state custody, the time limitation for doing so expired.
The transcript of Officer Beene's testimony reflects that on August 4, 2004, the date of the present offense, the defendant was on probation for a May 2002 felony conviction. Testifying from the defendant's former probation officer's file notations, Officer Beene stated that the defendant had apparently left the State of Louisiana sometime after his August 4, 2004 arrest and was returned to the state in February of 2005 on a parole violation where he was incarcerated in a DOC facility in south Louisiana. However, Officer Beene testified that the former probation officer was apparently unaware of the current pending charge in the 26th Judicial District Court until June 23, 2006.
At the conclusion of the hearing on the motion to quash, the trial court denied the motion, citing the defendant's failure to appear at the hearing of November 3, 2004, and the defendant's January 17, 2007 pro se filing of a Motion for Speedy Trial or Motion to Dismiss which it deemed to be the equivalent of a motion to quash. Subsequently, the defendant withdrew his prior plea of not guilty and tendered a Crosby plea of guilty to the charge of DWI, fourth offense, a violation of La. R.S. 14:98(E)(1)(a), which has a penalty range of 10 to 30 years and a $5000.00 fine. The defendant agreed to the maximum sentence of 30 years, and after waiver of the sentencing delays, the trial court sentenced the defendant to 30 years at hard labor with the first 60 days to be served without the benefit of parole, probation, or suspension of sentence. The court also ordered the defendant to pay a $5000.00 fine, in lieu of which he was sentenced to 90 days in the parish jail. Upon the denial *147 of his motion to reconsider sentence, the defendant perfected this appeal.

DISCUSSION
By his sole assignment of error, the defendant contends that the state failed to bring the defendant to trial within the time limitations provided by La. C. Cr. P. art. 578. The defendant contends that the interruption of the prescriptive period triggered by his failure to appear before the court on November 3, 2004 ended on February 20, 2005, when the defendant was allegedly returned to the State of Louisiana and was under the supervision of the Department of Probation and Parole. Accordingly, the defendant argues that the failure to bring the defendant to trial prior to February 20, 2007, caused the prosecution to prescribe.
The assistant district attorney advised the court that the earliest notice it had of the defendant's incarceration in Louisiana was June 14, 2005, when the surety filed the letter of incarceration into the record, and therefore, it contends prescription did not begin to run anew until that date, which would allow the state until June 14, 2007 to bring the defendant to trial. Additionally, it argued that because the defendant filed a motion to quash the indictment on May 7, 2007, the state, under La. C. Cr. P. art. 580, had until one year after that motion was ruled on to commence the trial.
The state has two years from the institution of prosecution to commence trial for a non-capital felony. La. C. Cr. P. art. 578(A)(2). The purpose of Art. 578 is to enforce a defendant's right to a speedy trial and to prevent the oppression caused by suspending criminal prosecutions over citizens for indefinite periods of time. State v. McDonald, 30,854 (La.App. 2 Cir. 8/19/98), 718 So.2d 542, citing State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284.
A motion to quash is the proper procedural vehicle when a defendant alleges that the time limitation for the commencement of trial has expired. La. C. Cr. P. art. 532(7); State v. Harris, 29,574 (La.App. 2 Cir. 5/7/97), 694 So.2d 626; State v. Rome, supra. When a defendant has brought an apparently meritorious motion to quash based upon prescription, the state bears a heavy burden to demonstrate that the time limitation period has been interrupted or that it has been suspended so that the time limitation has not yet expired. State v. Morris, 99-3235 (La.2/18/00), 755 So.2d 205, citing State v. Joseph, 93-2734 (La.6/3/94), 637 So.2d 1032.
The limitation period of Art. 578 may be either suspended or interrupted. State v. Brooks, 505 So.2d 714 (La.1987). La. C. Cr. P. art. 580 provides that the period of limitation is suspended when a defendant files a motion to quash or other preliminary plea, "but in no case shall the state have less than one year after the ruling to commence the trial."
Under La. C. Cr. P. art. 579(A), the period of limitation established by La. C. Cr. P. art. 578 is interrupted when:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
*148 Once the cause of interruption no longer exists, the two-year time limit begins anew. La. C. Cr. P. art. 579(B).
We disagree with the district court's ruling that the defendant's January 17, 2007 pro se motion was a preliminary plea that interrupted prescription. The motion was styled a motion for speedy trial; the substance and content of the motion constitute a motion for speedy trial; and the motion was adjudicated by the trial court as such. That being the case, the jurisprudence is clear in holding that a motion for a speedy trial, which is not a dilatory motion, does not suspend the running of the La. C. Cr. P. art. 578 time limitations. State v. Groth, 483 So.2d 596 (La.1986); State v. Lonigan, 298 So.2d 739 (La.1974).
However, the trial court's ultimate conclusion in denying the motion to quash was correct. Recently, in State v. Romar, 2007-2140 (La.7/1/08), 985 So.2d 722, the Supreme Court, following the Third Circuit ruling in State v. Buckley, XXXX-XXXX (La.App. 3 Cir. 3/5/03), 839 So.2d 1193, stated that La. C. Cr. P. art. 579(A)(3) "does not impose on the state the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice." State v. Romar, supra at 726. Specifically, the court concluded that in cases such as the one presently before this court, the period does not begin to run anew until the defendant is arrested on the open attachment (bench warrant) and appears in court to dispose of the criminal contempt proceeding for failure to appear.
In this case, "institution of prosecution" occurred when the bill of information was filed on September 1, 2004, pursuant to La. C. Cr. P. art. 934(7). Accordingly, the time limitation for bringing the defendant to trial would have expired on September 1, 2006. However, the defendant's failure to appear for the November 3, 2004 court date interrupted prescription. The record reveals the defendant had actual notice of the hearing, evidenced by his signature on an appearance bond guaranteeing that he would appear before the court on November 3, 2004. The minutes reflect that when he did not appear, the court ordered a bond forfeiture and a bench warrant for the defendant's arrest. On April 18, 2005, the defendant was apparently arrested and incarcerated in the J.B. Evans Correctional Center in Newellton, Louisiana.
Any such discussion, however, appears unnecessary under State v. Romar, supra. Once the defendant failed to appear for the hearing on November 3, 2004, the time limitation for bringing him to trial did not begin to run anew until he was arrested on the bench warrant issued for his failure to attend and appeared before the court to dispose of the matter. While it is unclear exactly when the defendant started being detained on the bench warrant, the record is clear that his first appearance before the court was not until July 27, 2006, when he appeared via video feed. Even assuming this is when the time limitation began to run anew, defendant's motion to quash for failure to bring him to trial was filed on May 7, 2007, less than a year later. Under La. C. Cr. P. art. 580, that motion had the effect of suspending the two-year delay until the motion was ruled on by the court. That ruling came on the same day the defendant withdrew his plea of not guilty and entered the Crosby plea from which this appeal arises.
For the foregoing reasons, this assignment is without merit.

ERROR PATENT REVIEW
Our error patent review revealed an illegal sentence. The trial judge improperly imposed jail time contingent on the payment of the fine and court costs. An indigent person may not be incarcerated because he is unable to pay a fine which *149 is part of his sentence. State v. Kerrigan, 27,486 (La.App. 2 Cir. 4/3/96), 671 So.2d 1242. A defendant's indigence in such a situation may be discerned from the record. State v. Williams, 484 So.2d 662 (La.1986); State v. Conway, 604 So.2d 205 (La.App. 2 Cir.1992). The record shows that the defendant is indigent. He was represented at trial and on appeal by the indigent defender's office. Therefore, the portion of the sentence imposing jail time in default of payment of the fine and costs should be vacated.

CONCLUSION
For the foregoing reasons, we amend the sentence to vacate that portion of the sentence imposing jail time in default of payment of the $5,000.00 fine and costs, and that as amended, the sentence be affirmed.
CONVICTION AFFIRMED AND SENTENCE AMENDED; AS AMENDED, SENTENCE AFFIRMED.
BROWN, C.J., concurs in part and dissents in part.
BROWN, Chief Judge, concurring in part and dissenting in part.
I fully agree with that part of the well-reasoned opinion affirming defendant's conviction; however, I believe that this court's setting aside of the imposition of jail time in default of payment of the fine simply because defendant was represented by the indigent defender's office is premature. I agree with Judge Gaskins' dissent in State v. Sylvester Brown, 43,458 (La. App. 2d Cir.09/24/08), 996 So.2d 461, 2008 WL 4330877.