STEWART, J.
hThe defendant, Charles E. Cooper, pled guilty to one count of public bribery. He was subsequently sentenced to serve five years at hard labor, with credit for time served, and fined $1,000.00. Cooper now appeals, alleging that his sentence is excessive. For the following reasons, we affirm his conviction and sentence, with the exception of the portion of the sentence requiring him to serve a 120-day parish jail sentence upon default of payment of his $1,000.00 fine, which we vacate.
FACTS
Cooper was charged by bill of information with two counts of public bribery, in violation of La. R.S. 14:118. The bill of information stated that the first count of public bribery involved Cooper accepting something of value from Veldershay Bayonne, while the second count of public bribery involved Cooper accepting something of value from Maranda Mooney. On February 16, 2011, Cooper appeared for the purpose of pleading guilty to the second count of public bribery. In exchange for Cooper’s plea, the state agreed to dismiss the first count of public bribery. There was no agreement as to Cooper’s sentence, and the state requested that the trial court conduct a presentencing investigation.
Cooper was advised of and waived his Boykin rights. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The parties stipulated that there was a factual basis for the guilty plea, and the state explained that during a traffic stop, Cooper, a Delhi police officer, agreed not to arrest Maranda Mooney, in exchange for something of value. The |atrial court accepted the guilty plea and ordered a presentence investigation report (PSI).
On February 16, 2011, Cooper appeared for sentencing. The trial court noted its review of Cooper’s PSI, specifically finding that Cooper was a first felony offender, although Cooper had some misdemeanor convictions on his record.
*589 The PSI also revealed the facts of Cooper’s case. The Louisiana State Police began an investigation of Cooper, a former Delhi Police Officer, on October 14, 2009, after receiving information that he had committed misconduct while working as a police officer. Deputy Terry Parrish told state police that he assisted Cooper in searching Veldershay Bayonne’s vehicle on one occasion. Parrish advised investigators that he thoroughly searched the passenger side of Bayonne’s vehicle, but did not find any contraband. However, when Cooper subsequently searched Bayonne’s vehicle, he claimed to have found either drugs or drug paraphernalia in plain view. Bayonne was ticketed for a violation as a result of this search.
The state police interviewed Bayonne, who stated that Cooper had requested money from him in exchange for not arresting him on two separate occasions. On the first occasion, Bayonne was stopped by Cooper for not wearing a seatbelt, playing loud music, and smoking marijuana. Bayonne stated that he gave Cooper between $30 and $40 that night in order to avoid being arrested. On the second occasion, Cooper arrested Bayonne for outstanding warrants in Madison Parish. After contacting the proper authorities in Madison Parish, Cooper learned that the warrants were no [¡¡longer outstanding. He informed Bayonne that he would release him if Bayonne paid him. Bayonne paid Cooper $60 at that time.
The state police also interviewed Maran-da Mooney, who stated that a year and a half ago, she was driving under the influence of alcohol and was stopped by Cooper and his trainee, Officer Orlando Ross. Cooper reportedly told her “we can work this out” and “you can go to jail or you can ride with me and you don’t have to go to jail.” Mooney agreed “to ride” with Cooper, and he drove to an unknown location. Ross got out of the vehicle and Cooper had sex with Mooney in the back seat of his patrol vehicle.
Officer Orlando Ross told the state police that he had never witnessed Cooper take money from anyone, but was aware that he had taken money from Bayonne. Apparently, Ross was present when Cooper made contact with Bayonne between March and April 2008, and Cooper also informed Ross that he had received money from Bayonne. Ross also stated that while riding with Cooper one night, Cooper told Officer Ross that he was going to stop Mooney’s vehicle because she was “always drunk and would make a good arrest.” After Cooper stopped Mooney, she got into the back seat of the patrol unit and Cooper drove to a golf course so that he and Mooney could have sex in the back seat. Cooper also asked Officer Ross if he wanted to participate, but Officer Ross declined. After Mooney had sex with Cooper, she was allowed to leave in her vehicle. Ross related that he did not attempt to stop Cooper from having sex with Mooney because he 14felt the sex was consensual, since Mooney .did not resist Cooper’s sexual advances, nor did she ask for help.
When Mooney was interviewed a second time on December 1, 2009, she stated that she was drinking her second bottle of gin and had snorted half a gram of cocaine when she was stopped by Cooper. She stated that she blacked out several times that evening. After having sex with Cooper, Mooney was driven back to her car and permitted to drive home, even though her license was suspended. A couple of days later, Mooney noticed severe damage to the back of her vehicle and suspected that she had an accident on her way home the evening she was stopped by Cooper.
On January 6, 2010, Cooper was interviewed. He admitted to conducting a traf *590 fic stop on Mooney. However, he did not call in the stop to dispatch. Cooper observed a bottle in Mooney’s vehicle. He stated that Mooney offered to perform sexual favors for him. He admitted that he had sex with Mooney and allowed her to leave in her vehicle. He also admitted to receiving $80.00 from Bayonne during a traffic stop, but claimed to have given half of the money to Ross.
The PSI revealed that Sheriff McDonald was also contacted. He informed authorities that Cooper had been fired from the Richland Parish Detention Center on May 30, 2005, for allowing two inmates to have sexual relations in jail.
The trial court stated that it was taking Cooper’s favorable plea agreement into consideration when imposing sentence, because Cooper had been allowed to reduce his sentencing exposure by pleading guilty to one | ¿count of public bribery. The trial court also noted its review of Cooper’s statements of remorse. However, the trial court expressed great concern with Cooper’s actions, and agreed with Sheriff McDonald’s assessment that “using your authority for personal gain is a very bad thing.”
The trial court went through Cooper’s social, educational and employment history. Specifically, the trial court acknowledged Cooper’s history of community service. The trial court stated that it had considered the several letters submitted by members of the community on Cooper’s behalf. The trial court also recognized that Cooper had a child that he supported. However, the trial court found that Cooper’s conviction for this offense “involved an abuse of power and his conviction has eroded the public’s trust and confidence in law enforcement.”
Cooper elected to make a statement and expressed his remorse at the sentencing hearing. Leonard Guiñe, a retired principal of Delhi Middle School, also spoke on Cooper’s behalf at the sentencing hearing. Guiñe testified that Cooper was very active in his church and had spent a lot of time providing emotional support to fatherless boys. Sherrhonda Rene Jones, Cooper’s girlfriend, also testified that Cooper had convinced her son to apply to colleges and obtain an education.
The trial court, after noting its consideration of the PSI and the sentencing factors of La. C. Cr. P. art. 894.1, stated its belief that the crime that Cooper committed is one of the most serious types of offenses. It determined that the most egregious part of this crime is the fact that Cooper used his position and his status as a police officer to facilitate the | ^commission of it. Additionally, the trial court found that there was an undue risk that Cooper would commit another crime if given a suspended sentence and that he was in need of correctional treatment. After considering the foregoing aggravating and mitigating factors, the trial court sentenced Cooper to the maximum sentence of five years’ imprisonment at hard labor. Cooper was also fined $1,000.00, and the trial court ordered him to serve 120 days jail time upon default of payment of the fine.
On June 2, 2011, Cooper filed a pro se motion to reconsider sentence, arguing that his sentence was constitutionally excessive, and that the trial court failed to comply with the sentencing requirements of La. C. Cr. P. art. 894.1. On June 22, 2011, the trial court conducted a hearing on Cooper’s motion. At the hearing, Cooper requested that the trial court amend his sentence to probation. The trial court denied Cooper’s motion in open court. Cooper now appeals, alleging that his sentence is excessive.
DISCUSSION
In the Cooper’s sole assignment of error, he contends that the sentence imposed *591 is excessive. In support of this assignment, Cooper points out that he is a first felony offender. Cooper alleges that although the trial court enumerated the mitigating factors in his case, it did not adequately consider them when sentencing him.
La. R.S. 14:118 provides, with our emphasis added, in pertinent part:
A. (1) Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
|7(a) Public officer, public employee, or person in a position of public authority. (2) The acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under such circumstances, by any of the above named persons, shall also constitute public bribery.
C. (1) Whoever commits the crime of public bribery shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than five years, or both.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37,442 (La.App. 2 Cir. 8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full ^compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), pri- or criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has broad discretion in sentencing offenders. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Kidd, 45,638 (La.App.2d Cir.11/3/10), 55 So.3d 90.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Young, 46,575 (La.App. 2 Cir. 9/21/11), 73 So.3d 473; State v. Cozzetto, 07-2031 (La.2/15/08), 974 So.2d 665. How *592 ever, in cases where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in his potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir. 2/28/96), 669 So.2d 667, writ denied, 96-0836 (La. 9/20/96), 679 So.2d 430; State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
| flAfter a careful review of the record, we find that the sentence imposed is not excessive, given Cooper’s actions. The record indicates that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. Specifically, the trial court noted its review of the PSI and stated its reasons for sentencing Cooper, including its belief that his actions constituted the worst type of offense because he took advantage of a highly intoxicated victim. The trial court also considered the fact that Cooper was a first felony offender, was employed, had a family and participated in community service. The trial court explained that its sentence was based on the egregious actions of Cooper, its belief that he would commit another crime if given a suspended sentence, and that Cooper was in need of correctional treatment.
Additionally, the sentence imposed is not grossly out of proportion to the crime committed. The trial court imposed the maximum sentence, but also found that Cooper was the worst type of offender and committed the worst type of offense for his conviction. Furthermore, Cooper obtained a substantial benefit by pleading guilty to one count of public bribery because the second count was dismissed.
Clearly, the trial court based its sentence on the seriousness of the offense, the benefit Cooper obtained from pleading guilty, and Cooper’s abuse of his substantial power as a law enforcement officer. As stated above, the trial court had great discretion to impose the maximum sentence.
This assignment therefore has no merit.
| mError Patent:
We have also reviewed the record for error patent. A review of sentencing transcript reveals that the trial court ordered Cooper to serve a 120-day parish jail sentence upon default of payment of his $1,000.00 fine. The record indicates that Cooper is indigent.[1]
An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Kerrigan, 27,846 (La.App.2d Cir.04/03/96), 671 So.2d 1242. A defendant’s claim of indigence in such a situation may be discerned from the record. State v. Williams, 484 So.2d 662 (La.1986); State v. Kerrigan, supra.
This court has considered it error for a trial court to impose jail time for failure to pay court costs. State v. Kerrigan, supra. In the context of disposition of this claim, we choose to amend the defendant’s sentence. See State v. Tillman, 43,569 (La. App 2 Cir. 10/22/08), 997 So.2d 144, 149, where this court vacated that portion of an indigent defendant’s sentence which had been imposed in lieu of jail time, and affirmed the sentence as amended.
*593 We vacate this portion of his sentence accordingly.
| n CONCLUSION
For the foregoing reasons, Cooper’s conviction is affirmed. The portion of his sentence requiring him to serve a 120-day parish jail sentence upon default of payment of his $1,000.00 fine is vacated. As amended, Cooper’s conviction and sentence are affirmed.
AFFIRMED AS AMENDED.

. On April 21, 2010, the trial court found Cooper indigent, and appointed defense counsel to represent him. He is also represented by the Louisiana Appellate Project on appeal.