WILLIAMS, J.
hThe defendant, Kandace C. Alen, was charged by bill of information with possession with intent to distribute a Schedule II Controlled Dangerous Substance (methamphetamine), a violation of LSA-R.S. 40:967(A). The defendant pled guilty as charged. In August 2010, the district court sentenced defendant to serve ten years at hard labor, suspended the sentence, placed her on active probation for five years and imposed a fine of $1,000. Defendant did not appeal her sentence. In June 2012, defendant’s probation was revoked for failure to comply with the conditions of her probation; her original sentence was imposed.
On August 13, 2012, defendant filed a motion of intent to appeal on the grounds of excessive sentence. Athough defendant failed to file her motion to appeal within 30 days of the sentencing date, her filing was timely as an application for post-conviction relief since it was filed four days before the statutory two-year deadline for such filings. Because the district court granted defendant’s motion for an appeal, this order is the equivalent of granting post-conviction relief in the form of an out-of-time appeal. For the following reasons, we affirm the defendant’s conviction, amend the sentence to vacate the imposition of jail time in default of payment of the fine and costs and affirm as amended.
FACTS
In February 2010, Bossier City Police Department narcotics officers were contacted by the Monroe Police Department based on information from agents of the Drug Enforcement Agency (DEA) and the Bureau of Acohol, Tobacco, Firearms, and Explosives (ATF) regarding a group of |apeople in Bossier City purchasing a large quantity of methamphetamine from a known drug dealer. The agents told the Bossier officers that the group would consist of two women and two men traveling in a 4-door, red Dodge Dakota pickup truck. A vehicle matching this description was stopped. The occupants of the vehicle were Lon B. Faulk, David R. Williams, Heather D. Morris, and defendant. A subsequent search of the vehicle revealed two bags containing methamphetamine, a loaded syringe with liquid meth and a pill bottle containing 17 Vicodin pills. Defendant and the other occupants were arrested. In April 2010, the defendant entered a plea of guilty to possession with intent to distribute methamphetamine.
Prior to imposing sentence, the trial court reviewed the presentence investigation report. The court noted defendant’s status as a first felony offender and her age as mitigating factors, and stated that she could become “a productive member of society if given the opportunity.” Defendant was sentenced to serve ten years at hard labor, suspended, and placed on supervised probation for five years. In accordance with LSA-C.Cr.P. art. 930.8, defendant was advised of the time limitations associated with filing a motion for an appeal and an application for post-conviction relief. She did not appeal this sentence.
On June 12, 2012, defendant’s probation was revoked. In explaining her noncompliance with her conditions of probation, defendant stated that she met her probation officer twice at her house, but was told that she had to move because she was living with a drug dealer. Defendant stated that she had nowhere else to live and no one to help her, and that her mother was in | ¡¿jail. In admonishing defendant for her noncompliance, the court stated:
That was the whole purpose of the sentence is to get you out of that life and to *314 hopefully have this big ten-year hammer hanging over your head to make you realize your next step was ten years in prison and that’s not enough. So there’s no way that I’m going to release you back on probation. You — you couldn’t even comply with the basic stuff of reporting to your probation officer. So I have no other — you leave me with no other choice except to revoke your probation and order you to serve your original ten-year sentence and you’re to be given credit for time served.
The court then imposed the original sentence of 10 years at hard labor and a fine of $1,000. • This appeal followed.
DISCUSSION
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that the sentence is excessive because: (1) she was one of four people riding in a car together and there is no evidence that she was responsible for any intent to distribute or actual distribution of a controlled dangerous substance, or that she was the ringleader; (2) there is no evidence to indicate that she made a financial contribution to the funds invested in the drugs; (3) her status as a first felony offender; (4) her age; and (5) the fact that she had nowhere to live because her mother is in jail.
A reviewing court imposes a two-prong test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,-633 (La.App.2d Cir.11/3/10), 55 So.3d 56. The important elements |4which should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has wide discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion, a sentence will not be set aside as excessive. Id., citing State v. Square, 433 So.2d 104 (La.1983).
The penalty for possession with intent to distribute methamphetamine is imprisonment at hard labor for not less than two years nor more than thirty years. A fine of not more than $50,000 may also be imposed. LSA-R.S. 40:967(B).
Contending that the 10-year sentence is excessive, defendant argues that she should have been given a lesser sentence because of her age, her status as a first felony offender, and the fact that she had nowhere to live because her mother is in jail. In considering the sentencing guidelines of Article 894.1, the trial court noted defendant’s age and first-felony offender status as mitigating factors. However, the court found that any lesser sentence would deprecate the seriousness of the offense. Thus, the court |fiwas cognizant of the Article 894.1 guidelines.
Additionally, the 10-year sentence imposed is at the lower end of the sentencing range for possession with intent to distrib *315 ute methamphetamine. The court considered the seriousness of the offense and was aware of the defendant’s age and her family situation. Furthermore, despite defendant’s lack of family support, she was granted an opportunity to avoid serving the sentence, but failed to comply with the conditions of probation. Based upon this record, we conclude the trial court did not abuse its discretion in imposing this 10-year sentence, which is not disproportionate to the severity of the offense. Thus, we cannot say the sentence imposed for this defendant is constitutionally excessive. The assignment of error lacks merit.

Error Patent

 In reviewing the record for error patent, we note that the trial court sentenced defendant to serve an additional six months in jail for failure to pay the $1,000 fíne and court costs. An indigent defendant may not be subjected to imprisonment because she is unable to pay a fíne, costs, or restitution. Bearden v. Georgia, 461 U.S. 660, 108 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Fortune, 46,522 (La. App.2d Cir.9/21/11), 72 So.3d 1000; State v. Nelson, 44,762 (La.App.2d Cir.10/28/09), 25 So.3d 905; State v. Tillman, 43,569 (La.App.2d Cir.10/22/08), 997 So.2d 144, writ denied, 2008-2836 (La.9/25/09), 18 So.3d 85; State v. Kerrigan, 27,846 (La.App.2d Cir.4/3/96), 671 So.2d 1242.
A defendant’s indigent status may be discerned from the record. Tillman, supra; Kerrigan, supra. Where a defendant is represented by the | (¡Louisiana Appellate Project, the court may conclude that the defendant is indigent. See Fortune, supra; Tillman, supra; Kerrigan, supra.
The record shows that this defendant is indigent, so that she cannot be sentenced to serve jail time because she is unable to pay a fine. Therefore, we vacate that portion of the defendant’s sentence imposing additional jail time for failure to pay the fíne and costs.
CONCLUSION
For the foregoing reasons, the defendant’s conviction is affirmed. We amend the sentence to vacate that portion of the sentence imposing additional jail time in default of payment of the fine and costs. As amended, the defendant’s sentence is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED AS AMENDED.