LOLLEY, J.
| iThis criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Richard Lee Howard was charged with aggravated burglary, a violation of La. R.S. 14:60, and after a jury trial, he was found guilty as charged. Howard was sentenced to 10 years’ imprisonment at hard labor, and 30 days’ imprisonment in the parish prison in lieu of court costs. The sentences were ordered to run concurrently, with credit for time served. For the following reasons, we affirm the conviction and sentence, but for that portion of the sentence which imposed 30 days’ imprisonment in the parish prison in lieu of court costs, which we vacate.
Facts
On September 6, 2007, Linda Jamison and her friend LaShonda Rutledge were at Jamison’s home on Bernard Boulevard in Shreveport for the evening. Rutledge fell asleep while Jamison continued to work until the early morning hours of September 7th. At some point, Jamison walked into her kitchen, where she saw a tall black male with a revolver in his hand. Jamison turned and ran back to the bedroom, falling onto the floor. The commotion woke Rutledge. The intruder had followed Jamison into the bedroom. He told the two women that he was not going to kill them, but that he just wanted their purses and some other things. The man then took Jamison’s laptop and Rutledge’s purse before leaving the house. Once the women were sure that he was gone, they called the police.
Corporal Terrence Lasane of the Shreveport Police Department responded to the call. When Cpl. Lasane arrived at Jamison’s residence, he found that the rear screen door to her home had been removed. Lasane |2interviewed the women and obtained a description of the burglar. Lasane also notified the on-call investigator, Detective Richard Terpin, who came to the scene. The police then attempted to locate the suspect, but were unable to do so at the time. No fingerprints were found in the residence. The stolen items were not recovered.
Detective Terpin interviewed both women, who described the burglar as a tall black male, wearing dark clothing and with a thin or sheer material, like a scarf, covering his mouth. Jamison did not know the burglar’s name but thought that she had recognized him as a man she had sold CDs to many times and whom she had frequently seen around the neighborhood. Rutledge testified at trial that she had never seen him before, although Det. Ter-pin recounted that Rutledge had seen the burglar around the neighborhood, but was not sure of his name.
A week after the incident, Jamison called the police and reported that she had just seen the burglar on nearby Harris Street and that she had immediately recognized him. When the police arrived, the suspect was gone. Later, Jamison and Rutledge were shown a photographic lineup, but neither made an identification.
A short time later, Det. Terpin was contacted by a Cpl. Lewis who relayed that he *346 had conducted a field interview of a man matching the description of the burglar. Corporal Lewis gave Terpin the man’s name. Detective Terpin was subsequently able to locate a photograph of that man, who turned out to be Howard, and constructed a second photographic lineup containing that photograph. Detective Terpin showed the lineup separately |sto both Ja-mison and Rutledge, and both women immediately selected Howard as the burglar.
Howard was arrested and interviewed, but denied any participation in the burglary of Jamison’s home. During trial, Howard testified that he was familiar with Ja-mison and where she lived, but that he had not taken any part in the crime. He also testified that Jamison had given him some CDs to sell; he had sold some of them and had given some away; and, he had not given Jamison the money. Howard testified that he had encountered Jamison later, and that she had “some guys on the back of her truck following me down the street.” According to Howard, Jamison was “pointing at me ... like she was trying to show somebody ... who I was or whatever.” Howard stated that Jamison also told him that the police were after him. It was Howard’s belief that because he had owed Jamison approximately $40, she and Rutledge made the story up against him.
After a trial by jury, Howard was found guilty of aggravated burglary. Post-verdict motions of acquittal and for a new trial were filed and denied by the trial court. Howard waived sentencing delays and was sentenced to 10 years of imprisonment at hard labor, and 30 days of imprisonment in the parish prison in lieu of court costs. This appeal ensued.
Discussion
In Howard’s first assignment of error he argues that the state failed to prove his identity as the perpetrator of the crime beyond a reasonable doubt. Specifically, he argues that the state failed to negate the reasonable probability of misidentification of the defendant. We disagree.
|4The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La.05/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Murray, 36,137 (La.App. 2d Cir.08/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.09/05/03), 852 So.2d 1020.
An appellate court reviewing the sufficiency of the evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Jacobs, 504 So.2d 817 (La.1987); State v. Adkins, 39,724 (La.App. 2d Cir.06/29/05), 907 So.2d 232, writ denied, 2006-2514 (La.05/04/07), 956 So.2d 607.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Wiltcher, 41,981 (La.App. 2d Cir.05/09/07), 956 So.2d 769. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. 5State v. Robinson, 36,147 (La.App. 2d Cir.12/11/02), *347 833 So.2d 1207; State v. Ponsell, 33,543 (La.App. 2d Cir.08/23/00), 766 So.2d 678, writ denied, 2000-2726 (La.10/12/01), 799 So.2d 490.
Here, because the record does not reflect that Howard filed a motion to suppress the identification evidence in the trial court, this court should review this evidence only in the context of its sufficiency.[1] Notably, neither woman made an identification when shown the first photographic lineup-Howard’s photo was not included. However, both Rutledge and Jamison were able to immediately identify Howard from the second photographic lineup when his picture was added. Thus, there is sufficient evidentiary support for the factual conclusion that he was the individual who burglarized Jami-son’s home on September 7, 2007. The testimony of the two women is sufficient even in the absence of physical evidence. State v. Robinson, supra; State v. Ponsell, supra. This assignment therefore has no merit.
In Howard’s second assignment of error he maintains that the sentence of thirty days in jail in lieu of court costs is indeterminate and unconstitutional, because he is indigent and the amount of court costs is not specified. Specifically, he argues that the trial court imposed a sentence in | [¡violation of La. C. Cr. P. art. 879, because the amount of court costs is not specified. Further, Howard stated that he is indigent, and that there is no indication that he will be able to raise court costs during his 10-year prison term for the aggravated burglary conviction. As such, Howard urges that the 30-day sentence, imposed in lieu of court costs, must be vacated. The state concedes that the portion of Howard’s sentence ordering him to serve jail time in lieu of court costs was erroneous.
An indigent defendant may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Kerrigan, 27,846 (La.App. 2d Cir.04/03/96), 671 So.2d 1242. A defendant’s claim of indigence in such a situation may be discerned from the record. State v. Williams, 484 So.2d 662 (La.1986); State v. Kerrigan, supra. This court has considered it error for a trial court to impose jail time for failure to pay court costs. See State v. Kerrigan at 1247. In the context of disposition of this claim, this court may choose to amend the defendant’s sentence. See State v. Tillman, 43,569 (La.App. 2d Cir.10/22/08), 997 So.2d 144, 149, where this court vacated that portion of an indigent defendant’s sentence which had been imposed in lieu of jail time, and affirmed the sentence as amended.
|7The record shows that this defendant was and is an indigent.[2] Howard was *348 represented at trial and on appeal by the indigent defenders’ office. The jurisprudence is clear that a defendant cannot be sentenced to serve jail time because he is unable to pay court costs. Bearden v. Georgia, supra; State v. Tillman, supra. Therefore, the portion of the Howard’s sentence which imposes 30 days of jail time, in lieu of the payment of court costs, should be vacated. Notably, the State concedes that the trial court erred in ordering Howard serve jail time for failure to pay his court costs. Further, we note that the 30-day sentence has no practical effect anyway as it was ordered to run concurrent with Howard’s 10-year sentence.
Conclusion
For the foregoing reasons, Howard’s conviction is affirmed. As to his sentence, that portion of the sentence imposing jail time in default of the payment of court costs is vacated. As amended, Richard Lee Howard’s conviction and sentence are affirmed.
AS AMENDED, AFFIRMED.
GASKINS, J., concurring in part and dissenting in part.

. Article 703 of the Louisiana Code of Criminal Procedure provides in pertinent part that:
A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained.... A motion filed under the provisions of this article must be filed in accordance with Article 521, unless opportunity therefor did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable.
Article 521 mandates that all pretrial motions be filed within 15 days after arraignment, unless a different lime is provided by law or fixed by the court.

. La. R.S. 15:175(A)(l)(b) states that "[a] person will be deemed "indigent” who is unable, without substantial financial hardship to himself or to his dependents, to obtain competent, qualified legal representation on his own.” *348 This is a determination that the trial court makes not later than arraignment and which is subject to review throughout the proceedings. Subsection (A)(1)(e) further requires an accused claiming indigency to apply for indigent defense counsel and establish his indi-gency and entitlement to appointed counsel.