STEWART, J.
fiThe defendant, Rodney Fikes, was convicted of distribution of a Schedule II controlled dangerous substance, cocaine, in violation of La. R.S. 40:967(A)(1). Fikes was sentenced to 30 years’ imprisonment at hard labor, with two years to be served without benefit of probation, parole, or suspension of sentence. The trial court also imposed a $30,000 fine, with default time of one year in the parish jail. Fikes now appeals. For the reasons discussed below, we affirm the defendant’s conviction, amend his sentence to delete the default jail time, and as amended, affirm.
FACTS
On July 14, 2008, Fikes was charged by bill of information of distribution of a Schedule II controlled dangerous substance, cocaine, in violation of La. R.S. *828 40:967(A)(1). Fikes pled not guilty and waived his right to a jury trial.
The bench trial began on February 26, 2009, with the testimony of Corporal Steven McKenna and Agent Terry W. Sanders. McKenna and Sanders work in the narcotics division of the Shreveport Police Department. On January 12, 2008, both officers participated in a “buy-bust operation,” in which McKenna posed as a drug user and contacted various narcotics dealers. The operation was located at Werner Avenue and Malcolm Street, in Caddo Parish. The officers testified that Fikes procured crack cocaine for the undercover agent, after which Fikes was arrested.
On February 26, 2009, Fikes was found guilty of distribution of cocaine. On March 30, 2009, the state filed a bill of information charging Fikes as a fourth-felony habitual offender. On June 22, 2009, the multiple ^offender hearing was reset and Fikes was brought up for sentencing. The trial court referred to a pre-sentence investigation report, which revealed the defendant’s extensive criminal history prior to the instant convictions.
The trial court sentenced Fikes to 30 years’ imprisonment at hard labor, with the first two years to be served without benefit of probation, parole, or suspension of sentence. It also imposed a $30,000 fine plus court costs, to be paid through inmate banking and “one year in lieu of same.” All money and weapons seized were ordered forfeited to the state. Fikes was advised that he had two years from the date that his conviction became final to file for post-conviction relief.
A motion for post-verdict judgment of acquittal and/or to modify the verdict was denied on March 6, 2009.
On September 30, 2009, Fikes filed a “Motion to deviate from the constitutionally-excessive fourth habitual offender statute and reconsider sentence.” He argued that under that charge he faced a sentence of life imprisonment without benefit of parole, probation, or suspension of sentence, and that such sentence would be constitutionally excessive and grossly out of proportion to the severity of the crime.
The state dismissed the habitual offender charge on May 24, 2011. On July 21, 2011, Fikes’s motion to deviate and reconsider sentence was heard and denied by the court. Fikes subsequently filed the instant appeal.
LAW AND DISCUSSION
On appeal, Fikes argues that the imposed sentenced was excessive for the offense as he was “merely a middleman for a small-time street dealer,” |sand that the trial court failed to consider aggravating and mitigating factors when imposing sentence. Also, Fikes notes that the additional one year of jail imposed for a default in paying the $30,000 fine, when combined with the maximum sentence of 30 years’ imprisonment, results in the sentence exceeding the maximum allowed by the statute. Fikes asks that his default time be imposed to run concurrent with the 30 years’ imprisonment or that the entire sentence be vacated and the matter remanded for resentencing that is less than the statutory maximum.
La. R.S. 40:967 provides in pertinent part:
A. Manufacture; distribution. Except as authorized by the Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally;
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance *829 or controlled substance analogue classified in Schedule II;
[[Image here]]
B. Penalties for violation of Subsection A. Except as provided in Subsection F, any person who violates Subsection A with respect to:
(1) A substance classified in Schedule II which is an amphetamine or methamphetamine or which is a narcotic drug, except cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 and except oxyco-done as provided in Schedule II(A)(l)(o) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
The trial court has wide discretion in imposing sentence within minimum and maximum limits allowed by the statute; therefore a sentence |4will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 2011-2304 (La.3/9/12), 84 So.3d 550. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.9/21/11), 73 So.3d 1021, writ denied, 2011-2347 (La.3/9/12), 84 So.3d 551.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dillard, 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56, writ denied, 2010-2853 (La.11/18/11), 75 So.3d 454. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (his age, family ties, marital status, health, employment record), prior criminal history, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Dillard, supra. All convictions and all prior criminal activity may be considered as well as other evidence ^normally excluded from the trial. State v. Platt, 43,708 (La.App.2d Cir.12/3/08), 998 So.2d 864, writ denied, 2009-0265 (La.11/6/09), 21 So.3d 305.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980).
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Taylor, 41,898 (La.App.2d Cir.4/4/07), 954 So.2d 804.
As indicated above, in 2008, a person who violated La. R.S. 40:967(A)(1) was subject to imprisonment at hard labor for not less than two years and not more than 30 years, with the first two years to be served without benefit of probation, parole, or suspension of sentence. This statute also provided for an optional fine of no more than $50,000.
*830 Fikes’s sentence of 30 years’ imprisonment at hard labor, with the first two years to be served without benefits, and a fine of $30,000, falls within the statutory guidelines. However, the default time imposed would cause the sentence to exceed the maximum 30 years’ imprisonment allowed by the statute.
The trial court complied with the sentencing guidelines and jurisprudence by considering Fikes’s criminal history, arrests, and parole violations. As Fikes refused to answer questions or cooperate with the presentence investigation report, there was no social information available | fithat might have provided mitigating circumstances. Given Fikes’s prior felonies for violent offenses and drug offenses, the sentence imposed is not disproportionate to the severity of the crime, does not shock the conscience and is not a needless infliction of pain and suffering. Furthermore, the record indicates that Fikes benefitted from the state’s dismissal of the habitual offender bill.
However, this court recognizes that the default jail time imposed in the event that Fikes fails to pay the $30,000 fine causes the imposed sentence of 30 years to exceed the maximum 30 years allowed by La. R.S. 40:967. An illegal sentence may be corrected at any time by the court that imposed the sentence or by the appellate court on review. La. C. Cr. P. art. 882(A). The reviewing court may notice sentencing errors as error patent. State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790.
An indigent person may not be subjected to imprisonment because he is unable to pay a fine which is part of his sentence for failure to pay a fine which is part of his sentence. State v. Howard, 44,434 (La.App.2d Cir.6/24/09), 15 So.3d 344. A defendant’s claim of indigence in such a situation may be discerned from the record. Id.
Here, Fikes was considered indigent by the trial court. Therefore, this court modifies Fikes’s sentence to delete the imposition of default jail time for failure to pay the fine.
Aside from issues regarding the default jail time, the imposition of sentence and fine were not statutorily or constitutionally excessive, even though the maximum prison sentence was imposed.
^CONCLUSION
For the above reasons, Fikes’s conviction is affirmed. We delete the portion of Fikes’s sentence imposing default jail time, and as amended, affirm.
AFFIRMED AS AMENDED.