GASKINS, J.,
concurring in part and dissenting in part.
hi concur in the affirmation of the defendant’s convictions and the majority’s holding that the defendant’s sentences are *464 not excessive. However, I respectfully dissent from the portion of the majority decision deleting the jail time in lieu of the payment of the fine.
In the present case, although the defendant was represented at the trial court level and on appeal by appointed counsel, on the day trial was to begin, the defendant had retained counsel in court who did not enroll because the trial court refused to grant a continuance to that attorney. Under these circumstances, instead of automatically deleting the default time for nonpayment of the defendant’s fine, we should remand the matter to the trial court for a determination of the defendant’s indigency. See concurrences in part and dissents in part in State v. Howard, 44,434 (La.App.2d Cir.6/24/09), 15 So.3d 344; State v. Brown, 43,458 (La.App.2d Cir.9/24/08), 996 So.2d 461, writ denied, 2008-2713 (La.9/18/09), 17 So.3d 388; State v. Tillman, 43,569 (La.App.2d Cir.10/22/08), 997 So.2d 144, writ denied, 2008-2836 (La.9/25/09), 18 So.3d 85.