CARAWAY, J.
11 This ease is before us on remand from the Louisiana Supreme Court to address the issue of the excessiveness of Thompson’s life sentence. See State v. Thompson, 11-0915 (La.5/8/12), 93 So.3d 553. The facts of this case concerning defendant’s arrest and conviction of the crime of possession with intent to distribute a Schedule II Controlled Dangerous Substance can be found in our earlier opinion of State v. Thompson, 46,039 (La.App.2d Cir.2/23/11), 58 So.3d 994.

Excessive Sentence

Thompson received a mandatory life sentence plus a $3,000 fine after his adjudication as a fourth felony offender. Subsequent to his sentencing, he filed a motion to reconsider the sentence on the grounds that his “actions were not violent and no one else was involved or in any danger whatsoever.” The motion was denied. On appeal, he makes the sole assertion that the life sentence is excessive “for this fourth offender who was not convicted of a violent crime.” Thompson argues that he received no consideration for his guilty plea and suggests that his “complaint to internal affairs” “contributed to the harsh treatment and lack of consideration of any kind.”
Included within Thompson’s previous felonies was one count of simple burglary of an inhabited dwelling, which carried a maximum sentence of 12 years. He had also previously been convicted of the crime of distribution of cocaine, a violation of the Uniform Controlled Dangerous | ^.Substances Law. His final conviction was for Possession with intent to Distribute Cocaine.
The applicable provisions of La. R.S. 15:529.1(A)(1) provide:
(c)(ii) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of the commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more or of any *666 other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Since the Habitual Offender Law in its entirety has been held to be constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. For these reasons, the Legislature’s determination of an appropriate sentence should be afforded great deference by the judiciary. This does not mean, however, that the judiciary is without authority to pronounce a constitutional sentence if it determines that a mandatory minimum sentence is excessive in a particular case. However, this power should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive. Id. at 676.
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality. To rebut the presumption that the mandatory minimum sentence is constitutional, the | ..¡defendant must clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Id. at 676.
When determining whether the defendant has met his burden of proof by rebutting the presumption that the mandatory minimum sentence is constitutional, the trial judge must also keep in mind that the goal of the Habitual Offender Law is to punish recidivism. Thus, the defendant with multiple felony convictions is subjected to a longer sentence in light of his continuing disregard for the laws of our state. Id. at 676-677.
A trial judge may not rely solely upon the nonviolent nature of a crime before the court or of past crimes as evidence that justifies rebutting the presumption of constitutionality. While the classification of a defendant’s instant or prior offenses as nonviolent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. Id. at 676.
Because the sentence imposed for the habitual offender adjudication is prescribed by statute, the trial court’s compliance with La. C. Cr. P. art. 894.1 is not required. State v. Dukes, 46,029 (La. App.2d Cir.1/26/11), 57 So.3d 489, unit denied, 11-0443 (La.3/2/12), 83 So.3d 1033; State v. Thomas, 41,734 (La.App.2d Cir.1/24/07), 948 So.2d 1151, unit denied, 07-0401 (La.10/12/07), 965 So.2d 396. It would be an exercise in futility for the trial court to discuss the factors enumerated in that article when the |4court had no discretion in sentencing the defendant. State v. Dukes, supra; State v. Sewell, 35,549 (La. App.2d Cir.2/27/02), 811 So.2d 140, unit denied, 02-1098 (La.3/21/03), 840 So.2d 535.
Moreover, upon a defendant’s adjudication as a fourth felony offender who is subject to mandatory sentencing provisions, a presentence investigation report is inconsequential. State v. Dukes, supra.
Thompson has failed to put forth any facts or arguments which support a conclusion that he is clearly and convincingly the *667 exceptional defendant for whom downward departure from the mandatory life sentence is required. Louisiana law clearly holds that a defendant cannot rely solely upon the nonviolent nature of his offenses to receive relief. Moreover, the fact that he received no consideration for his Crosby plea presents no unusual circumstance. His allegation that the imposed sentence was given in retribution for his internal affairs complaint is also unsupported by the record. Otherwise, Thompson has failed to show that because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to his culpability, the gravity of the offenses he has committed and the circumstances of this case. Therefore, Thompson’s sentence is affirmed.
We note error patent on the record before us. In addition to the mandatory life sentence, the trial court imposed a $8,000 fíne, the payment of court costs through the inmate banking system and 60 days of jail time for failure to pay the court costs. Although the statute of conviction, La. R.S. 40:967, authorizes a fine of up to $50,000, the statute of enhancement, |sLa. R.S. 15:529.1(A), does not authorize the imposition of a fine. Thus, such fine is appropriately deleted. State v. Dickerson, 584 So.2d 1140 (La.1991); State v. Jetton, 32,893 (La.App.2d Cir.4/5/00), 756 So.2d 1206, writ denied, 00-1568 (La.3/16/01), 787 So.2d 299. Moreover, an indigent defendant may not be subjected to imprisonment because he is unable to pay a fíne which is part of his sentence. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); State v. Monson, 576 So.2d 517 (La.1991); State v. Howard, 44,-434 (La.App.2d Cir.6/24/09), 15 So.3d 344. Indigency may be discerned from the record. State v. Howard, supra. This court has considered it error for a trial court to impose jail time for failure to pay court costs and has amended such sentences to delete the jail time. State v. Howard, supra; State v. Kerrigan, 27,846 (La. App.2d Cir.4/3/96), 671 So.2d 1242. The record discloses Thompson’s indigency as he was represented by the Caddo Parish Public Defender Office throughout the proceedings. Accordingly, we correct the sentence to delete the $3,000 fine as well as the imposition of jail time in lieu of the payment of court costs. As amended, Thompson’s conviction and sentence are affirmed.
SENTENCE AMENDED; AFFIRMED.
MOORE, J., concurs and assigns written reasons.
STEWART, J., dissents and assigns written reasons.