STEWART, J.
 

 11 After being indicted for aggravated rape, the defendant, Jeremy K. Gardner,
 
 *1054
 
 accepted a plea agreement and pled guilty to the crime of aggravated incest. The trial court imposed a sentence of 12 years at hard labor, with credit for time served. The defendant now asserts that his sentence is excessive. Finding no abuse of discretion by the trial court, we affirm.
 

 FACTS
 

 On August 30, 2010, the defendant pled guilty pursuant to a plea agreement reducing a charge of aggravated rape to that of aggravated incest, a violation of La. R.S. 14:78.1. The factual basis for the defendant’s guilty plea was that on July 5, 2009, the 20-year-old defendant had sexual intercourse with his 12-year-old half-sister. Even though the victim was under the age of 13, the plea agreement provided that the sentence would be imposed in accordance with La. R.S. 14:78.1(D)(1).
 

 The defendant appeared for sentencing on October 5, 2010. The trial judge noted that he had reviewed the presentence investigation report, which included both positive and negative information, and letters submitted on the defendant’s behalf. The trial judge recognized that the defendant received two benefits by virtue of the plea agreement. First, he was spared the possibility of the mandatory life sentence for aggravated rape. Second, he did not face the harsher sentence provided by La. R.S. 14:78.1(D)(2), which applies where the victim is under the age of 13 and the offender is age 17 or older.
 

 |2The trial judge also recognized that this was the defendant’s first offense. However, the trial judge noted a prior arrest on November 26, 2008, for contributing to the delinquency of a minor, when a deputy came upon the defendant with two girls, ages 10 and 12, with him in his car at 1:15 a.m., without their parents’ approval.
 

 In reviewing the defendant’s social history, the trial judge noted that he was a father of two young boys and recognized the hardship that would result to these children from the defendant’s imprisonment. The defendant’s young age, the lack of any indication of drug or alcohol abuse, the fact that he admitted his involvement in the offense, and the letters submitted on his behalf were considered as additional mitigating factors. Aggravating factors noted by the trial judge included the substantial benefit received from the plea agreement, the vulnerability of the victim who was only 12 years of age, the fact that the defendant used his position as her older brother to commit the offense, and the prior incident involving two young girls.
 

 After considering all of the above, the trial judge sentenced the defendant to 12 years at hard labor with credit for time served. Believing that the defendant would likely commit another crime involving young girls, the trial judge found him to be in need of correctional treatment in a custodial environment and found that a lesser sentence would deprecate the seriousness of the crime.
 

 On October 27, 2010, the defendant filed a motion to reconsider the sentence, which he alleged to be excessive. He asserted that the trial judge [3did not give adequate weight to the hardship on his family, his young age, the lack of any prior felony conviction, and his social and work history. He also claimed the trial judge did not tailor the sentence to fit the crime. The trial judge denied the motion on March 20, 2011. This appeal followed.
 

 DISCUSSION
 

 In this appeal, the defendant reiterates that his sentence is harsh under the circumstances presented. He points to his lack of a criminal record or history of drug
 
 *1055
 
 and alcohol abuse, his young age, his two small children who will no longer have his help, and the letters seeking leniency on his behalf as factors supporting a lesser sentence. He also notes that the victim’s mother had reported to the court her belief that a 10-year sentence would be fair. The defendant complains that the trial court placed too much emphasis on the arrest for contributing to the delinquency of a minor for which no charge was pursued.
 

 In determining whether a sentence is excessive, the reviewing court uses a two-prong process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 438 So.2d 688 (La.1983);
 
 State v. Dillard,
 
 45,633 (La.App.2d Cir.11/3/10), 55 So.3d 56. Important elements which should be considered include the defendant’s personal history (age, family ties, marital status, health, employment record), his criminal history, the 14seriousness of the offense, and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Dillard, supra.
 

 Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Hogan,
 
 480 So.2d 288 (La.1985).
 

 A trial court has wide discretion to sentence within the statutory limits.
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion, a sentence will not be set aside as excessive.
 
 Id.,
 
 citing
 
 State v. Square,
 
 433 So.2d 104 (La.1983). Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion to impose even the maximum sentence.
 
 Id.; State v. Boswell,
 
 46,181 (La. App.2d Cir.4/13/11), 62 So.3d 874.
 

 As provided by the plea agreement, the trial court sentenced the defendant under La. R.S. 14:78.1(D)(1), which states:
 

 A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both.
 

 |fiThe trial judge imposed a midrange sentence of 12 years under this provision. In doing so, the trial judge took into account all those factors pointed out by the defendant in his brief and gave adequate consideration to the sentencing guidelines provided in La. C. Cr. P. art. 894.1. Specifically, the trial judge noted the defendant’s young age, the fact that this was his first offense, and the potential hardship on the defendant’s children and their mother due to his imprisonment. However, the trial judge recognized that the defendant had exhibited inappropriate behavior with young girls other than in this instance and found it likely that he would commit another offense involving a young girl if not incarcerated. We find it appropriate for the trial court to have taken into account the prior arrest for contribut
 
 *1056
 
 ing to the delinquency of a juvenile as that incident also involved two young girls, and we do not find that the trial judge gave the arrest undue consideration at sentencing.
 

 The trial judge explained that he took the victim’s mother’s recommendation for a 10-year sentence into consideration and imposed a shorter sentence than he first intended. Moreover, the plea agreement gave the defendant a significant reduction in potential exposure to confinement. He avoided the possibility of a mandatory life sentence if convicted of aggravated rape. Even though the victim was under the age of 13 when the offense occurred and the sentencing provisions of La. R.S. 14:78.1(D)(2) were applicable, the plea agreement allowed the defendant to avoid possible imprisonment at hard labor of not less than 25 years nor more than 99 years, IfiPlus electronic monitoring upon his release for the rest of his natural life as provided by La. R.S. 14:78.1(D)(3).
 

 The defendant’s 12-year hard labor sentence under the facts of this case is neither grossly disproportionate to the severity of the offense nor shocking to the sense of justice. We find no abuse of discretion by the trial court in imposing this sentence that falls within the statutory limits.
 

 CONCLUSION
 

 For the reasons stated, we affirm the defendant’s conviction and sentence.
 

 AFFIRMED.