WILLIAMS, J.
| |The defendant, Robert Stephen Baillio, was charged by bill of information with carrying a concealed weapon by a convicted felon, a violation of LSA-R.S. 14:95.1, and possession with intent to distribute a Schedule II controlled dangerous substance (methamphetamine), a violation of LSA-R.S. 40:967. He pled guilty as charged. For the concealed weapon conviction, the defendant was sentenced to serve 10 years at hard labor without benefit of probation, parole or suspension of sentence. For the drug conviction, he was sentenced to serve 30 years at hard labor, with credit for time served, and fined $5,000, plus court costs, or 60 days in prison in lieu of payment.[1] For the following reasons, we amend the sentence to vacate that portion of the sentence imposing jail time in default of payment of the fine and costs, and as amended, we affirm.
FACTS
In September 2010, officers from the Shreveport Police Department learned that defendant, Robert Stephen Baillio, was selling methamphetamine in the Shreveport area. On September 13, 2010, a “confidential source” arranged to purchase methamphetamine from the defendant. When the defendant arrived at the agreed-upon location to deliver the drugs, police officers approached him, advised him of his Miranda rights and placed him under arrest. At that time, the defendant admitted to the police officers that he had brass knuckles, a concealed weapon, on his person. A search of his person revealed the weapon. Subsequently, the officers transported the defendant to his vehicle, where | ahis toddler-aged son was waiting. The defendant then admitted that he had methamphetamine in his pocket and packaging materials in his vehicle. The officers retrieved six grams of methamphetamine from the defendant’s person. In a subse *1164 quent interview with police officers, the defendant admitted that he had been distributing methamphetamine to multiple locations, targets and sources.
The defendant was charged with carrying a concealed weapon by a convicted felon, a violation of LSA-R.S. 14:95.1, and possession with intent to distribute methamphetamine, a Schedule II controlled dangerous substance (“CDS”), a violation of LSA-R.S. 40:967(A)(1). Subsequently, he pled guilty as .charged. As stated above, he was sentenced to serve 10 years without benefits on the concealed-weapon conviction and 30 years at hard labor for the possession with intent to distribute methamphetamine conviction.[2] The trial court also imposed a fine in the amount of $5,000, plus court costs “or 60 days in lieu of same.”
The trial court denied the defendant’s motion to reconsider sentence. The defendant now appeals.
DISCUSSION
The defendant contends the trial court abused its discretion in ordering him to serve 30 years in prison for the drug conviction. He argues that he is a nonviolent offender, and the trial court concluded that he was the “worst of offenders” when it imposed a 30-year sentence. The defendant also argues that in State v. Lingefelt, 38,038 (La.App.2d Cir.[l/28/04),s 865 So.2d 280, writ denied, 2004-0597 (La.9/24/04), 882 So.2d 1165, the defendant, who had been involved in the manufacturing of methamphetamine for more than 20 years, received a 22-year sentence at hard labor without benefits. The defendant maintains that, unlike the defendant in Linge-felt, there was no indication that he manufactured and distributed drugs over a long period of time; he was in possession of only six grams of methamphetamine at the time of his arrest.
LSA-R.S. 40:967(B)(1) sets forth the sentencing range for a defendant who is convicted of possession with intent to distribute methamphetamine. That statute provides that a person so convicted “shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than [$50,000].”
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. Morrison, 45,620 (La.App.2d Cir.11/24/10), 55 So.3d 856. However, the trial court has wide discretion in imposing sentences within the minimum and maximum limits allowed by the statute. Thus, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 2011-2304 (La.3/9/12), 84 So.3d 550.
A trial judge is in the best position to consider the aggravating and 14 mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App.2d Cir.10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Es-que, 46,515 (La.App.2d Cir.9/21/11), 73 *1165 So.3d 1021, writ denied, 2011-2304 (La.3/9/12), 84 So.3d 551.
An excessive sentence argument is reviewed by examining whether the trial court adequately considered the guidelines established in LSA-C.Cr.P. art. 894.1, and whether the sentence is constitutionally excessive. State v. Gardner, 46,688 (La. App.2d Cir.11/2/11), 77 So.3d 1052. However, where the defendant’s motion to reconsider sentence alleges mere excessiveness of sentence, the reviewing court is limited to only a review of whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La.App.2d Cir.9/21/11), 72 So.3d 952.
Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
In the instant case, prior to imposing the defendant’s 30-year sentence, the trial court considered the factors set forth in LSA-C.Cr.P. art. 894.1. The court stated: lsYou are a fifth felony offender, okay, and the huge deal on the [possession with intent to distribute a Schedule] II[CDS] and the [aggravated] flight, those get you to the — those would get you to the mandatory life, you know, because of the type that they are. And I do note on the PSI that [your criminal] history spans a very long period of time since 1986.
You have got burglary charges, drug charges, a lot of drug charges. You [have] burglary of an inhabited dwelling charges, battery, seven counts of simple burglary, having pled guilty to two. You have got some other simple burglary inhabited dwellings dismissed. Some were pled down to simple burglary. Marijuana, pills, meth. Pretty much run the gamut.
I don’t see — I will agree with you there [are] not a lot of violent offenses other than your simple battery charges, okay? It’s amazing that somebody can keep doing this stuff and haven’t learned.
[[Image here]]
You have got to spend more time because you are a fifth felony offender, but I think anything less wouldn’t be fair, and I’m going to give you the 30 years on the PWID, all right, 30 years hard labor, credit for time served running concurrently with the other two you pled guilty to, a $5,000 fine plus court costs to be paid through inmate banking or 60 days in lieu of same.
[[Image here]]
I don’t know what else to do with you, Mr. Baillio. I really don’t.
I think it’s extremely generous that the DA’s office said they won’t bill you[.]
[[Image here]]
As stated above, the sentencing range for possession of methamphetamine with intent to distribute is two to 30 years in prison at hard labor. The sentence imposed, 30 years, is the maximum sentence; however, it is within this range. The trial court reviewed the guidelines set forth in LSA-C.Cr.P. art. 894.1, and noted the defendant’s extensive criminal history.
IfiAs the trial court noted, this defendant is a fifth-felony offender, and his list of offenses spans more than 25 years. The defendant attempted to distinguish his criminal history from that of the defendant in Lingefelt, supra, by pointing out that the defendant in that case had been involved in manufacturing methamphetamine for more than 20 years. However, this defendant failed to acknowledge his own criminal history, during which he has *1166 been involved in a myriad of criminal offenses for well over 20 years.
Furthermore, the defendant faced potential multiple billing for his prior offenses, and he received substantial benefit from the state’s decision not to file a multiple offender bill. We also note that this defendant pled guilty to two additional violent felony offenses on the same day that he pled guilty to the instant drug charge; he received concurrent sentences. It is obvious that the defendant has failed to benefit from prior leniency in sentencing and has continued in the same pattern of criminal activity for more than a 25-year period, escalating his activities from the possession to the sale of illegal drugs. His lack of rehabilitation, as evidenced by these facts, qualifies him as the worst type of offender for which a maximum sentence is appropriate.
For these reasons, we find that the sentence imposed is not so grossly disproportionate to the severity of the crime that it shocks the sense of justice, nor does this sentence appear to be the needless infliction of pain and suffering. Thus, we find no abuse of the trial court’s discretion.
ERRORS PATENT
Pursuant to LSA-C.Cr.P. art. 920, we have examined this record for |7errors patent. We find that the trial court improperly imposed jail time contingent on the payment of the fine and court costs.
An indigent person may not be incarcerated because he is unable to pay a fine which is part of his sentence. State v. Tillman, 43,569 (La.App.2d Cir.10/22/08), 997 So.2d 144, writ denied, 2008-2836 (La.9/25/09), 18 So.3d 85. A defendant’s indigent status may be discerned from the record. State v. Williams, 484 So.2d 662 (La.1986); State v. Tillman, supra. Where a defendant is represented by the Indigent Defender’s Office, a court-appointed attorney or the Louisiana Appellate Project, this Court has considered it error for a trial court to impose jail time for failure to pay court costs. State v. Kerrigan, 27,846 (La.App.2d Cir.4/3/96), 671 So.2d 1242. In the context of disposition of this claim, this Court may choose to amend the defendant’s sentence. State v. Tillman, supra.
Our examination of this record reveals that this defendant was represented at trial by the Indigent Defender’s Office; on appeal, he was represented by the Louisiana Appellate Project. Because this defendant is indigent, we conclude that the trial court erred in imposing a 60-day sentence for the nonpayment of fines. Accordingly, we shall vacate that portion of the sentence imposing jail time in default of payment of the fine and costs.
CONCLUSION
For the reasons set forth herein, we amend the sentence to vacate that portion of the sentence imposing jail time in default of the payment of $5,000 fine and costs, and as amended, the defendant’s convictions and | ^sentences are affirmed.
AMENDED AND AFFIRMED AS AMENDED.

. The sentences were ordered to be served concurrently with each other and with a sentence for an unrelated charge of aggravated flight from an officer.

. The defendant did not appeal the 10-year sentence; therefore, it will not be addressed in this opinion.