STATE OF LOUISIANA

VERSUS

SHAWN A. CLARK

NO. 19-KA-518

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-2756, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


June 24, 2020


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois


**<u>AFFIRMED</u>**
   **JGG**
   **SMC**
   **FHW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Andrea F. Long
     Rachel L. Africk
     Lynn Schiffman

COUNSEL FOR DEFENDANT/APPELLANT,
SHAWN A. CLARK
     Cynthia K. Meyer

**GRAVOIS, J.**

Defendant/appellant, Shawn A. Clark, appeals his conviction and sentence for the charge of possession with intent to distribute methamphetamine weighing less than twenty-eight grams, in violation of La. R.S. 40:967(A). Defendant was found guilty by a jury, sentenced, and thereafter was charged as a third felony offender in a habitual offender bill of information. Upon being adjudicated as a third felony offender, defendant's original sentence was vacated and an enhanced sentence was imposed.

On appeal, defendant argues that the trial judge erred in denying his motion to recuse on the basis that prior to becoming a district court judge, the judge had been employed as an assistant district attorney and had prosecuted defendant on a previous charge that was used in this proceeding as a predicate offense in the habitual offender bill. Defendant also argues that the record on appeal is incorrect and incomplete. Finally, he argues that his sentence on the habitual offender bill is excessive. For the following reasons, we find no merit to the assignments of error and affirm defendant's convictions and sentence.

## PROCEDURAL HISTORY

On May 14, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Shawn A. Clark, with possession with intent to distribute methamphetamine weighing less than twenty-eight grams, in violation of La. R.S. 40:967(A). On August 13, 2018, defendant pled not guilty at his arraignment.

Various pretrial motions were filed. Trial began before a six-person jury on June 24, 2019.[1] On June 25, 2019, the defense made an oral request to recuse the trial court judge and/or for a mistrial, which the trial court denied. Trial concluded

---

[1] Defendant's companion misdemeanor charge of possession of marijuana, second offense, in district court case number 18-2759 was heard simultaneously by a bench trial. The appeal in that case is currently pending before this Court as companion case number 19-KA-522.

the same day with a verdict of guilty as charged.[2]  On June 27, 2019, defendant was sentenced to ten years imprisonment with the Department of Corrections.  The State later filed a habitual offender bill of information.

On July 15, 2019, the trial court adjudicated defendant as a third felony offender and vacated defendant's previous sentence.[3]  Defendant was thereupon resentenced to twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence.  Defendant objected to the sentence imposed. On July 26, 2019, defendant filed a motion for an appeal regarding his verdict rendered on June 25, 2019, his misdemeanor and felony sentences imposed on June 27, 2019, and his habitual offender sentence imposed on July 15, 2019.  On July 30, 2019, the trial court granted the appeal.

Defendant now appeals challenging the trial court's denial of his motion to recuse.  Defendant further complains that the record on appeal is incomplete and inaccurate and that the imposed enhanced sentence is excessive.

## FACTS

Detectives Blaine Howard and Daniel Lassus, then with the Project STAR division of the Jefferson Parish Sheriff's Office, were investigating information received from a confidential informant regarding narcotics distribution by Tony Ford.[4]  They surveilled Mr. Ford and his residence in an unmarked police car on several different dates.  Until January 20, 2018, the detectives saw nothing significant.

Both detectives testified that on January 20, 2018, shortly after arriving at Mr. Ford's home, they observed a blue Lexus vehicle arrive and park in front of

---

[2] On the same day, defendant was also found guilty of the misdemeanor offense of possession of marijuana, second offense, by a simultaneous judge trial under district court case number 18-2759.

[3] The habitual offender bill charged two drug-related predicate convictions from 2007 and 2011.

[4] Detectives later obtained a search warrant for Mr. Ford's residence and found cocaine and marijuana.  Detectives did not locate any money in Mr. Ford's residence.  Mr. Ford was charged with possession of cocaine in the same felony bill of information that charged defendant.

Mr. Ford's home around 7:00 p.m. The driver of the Lexus was later identified as defendant Shawn Clark. Defendant parked a short distance from the detectives on the opposite side of the street, facing their vehicle. Defendant remained in his vehicle; Mr. Ford exited his residence and entered the front passenger door of the vehicle. Both detectives testified that Mr. Ford was in the vehicle for less than one minute and that a visit of this short duration was consistent with a drug transaction.

The detectives testified that Mr. Ford re-entered his home and the blue Lexus drove away. The detectives followed the vehicle.[5] While following the vehicle, the detectives observed that defendant failed to signal several lane changes, the license plate illuminator bulb was out, and there was a cover over the license plate. They conducted a traffic stop of defendant by activating the lights and siren on their vehicle.

Detective Howard testified that after exiting their vehicle, both detectives approached defendant's vehicle from the rear with illuminated flashlights in their hands. Detective Howard stated that he observed defendant move towards the center console of the vehicle and throw a white pill bottle on the back passenger floorboard. Detective Lassus similarly testified that he saw defendant's hands moving around the center console and then saw him drop a white item behind the rear passenger seat. Detectives Howard and Lassus testified that Detective Lassus approached the open driver's window of defendant's vehicle and told Detective Howard that he smelled marijuana. Detective Lassus ordered defendant out of the vehicle; defendant complied. Defendant was *Mirandized* [6] and placed in handcuffs.

---

[5] Detective Howard testified that they followed defendant's vehicle for a short distance as opposed to immediately stopping him so as to not alert Mr. Ford of their investigation. Detective Lassus testified to similar reasons for the delay.

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Detective Howard testified that he asked defendant for his driver's license, which was suspended, and asked to search defendant's vehicle, to which defendant consented. Detective Lassus searched the vehicle and located a white pill bottle on the rear passenger floorboard containing marijuana and forty-six multi-colored pills. After locating the pill bottle and its contents, defendant was placed under arrest for possession with intent to distribute based on the quantity of the pills.[7] While searching defendant, Detective Howard discovered one hundred twenty-two dollars on defendant's person.

Pamela Williams-Cyprian, a forensic scientist at the Jefferson Parish Sheriff's Office Crime Laboratory, testified briefly as to her work in analyzing and identifying controlled dangerous substances. She tested twenty-one pills of the forty-six multi-colored pills, which collectively contained three grams of methamphetamine.[8]

Defendant testified at trial that the blue Lexus belonged to his girlfriend and that he was driving it on the day in question to take the car to get the license plate light and window mechanics fixed. On his way to the mechanic, defendant passed Mr. Ford's house and saw him arguing outside with his girlfriend. Defendant testified that he stopped to prevent Mr. Ford from getting into trouble. Defendant admitted that Mr. Ford got into his vehicle. He testified that they had a short conversation during which defendant warned Mr. Ford to stop fighting with his girlfriend to avoid getting himself into trouble, and then Mr. Ford exited the vehicle.

---

[7] Defendant was also issued a traffic citation at that time. Defendant testified at trial that he did not learn of the citation until it was presented at trial.

[8] Ms. Williams-Cyprian also tested the vegetable matter, which tested positive for marijuana and weighed approximately one gram.

Defendant testified that he left Mr. Ford's house and was pulled over two to three miles later.[9] Defendant stated that he made no movements towards the center console or the glove box. Defendant denied that his window was down, and said that he had no knowledge that the pill bottle was in the car.[10] Defendant testified that he was not read his *Miranda* rights and did not consent to a search of the vehicle. Defendant also testified as to his prior convictions, and acknowledged that he was on parole from an earlier conviction at the time of his arrest.

## ASSIGNMENT OF ERROR NUMBER ONE

### *Motion to recuse*

In his first assignment of error, defendant argues that the trial judge erred in denying his motion to recuse when the record indicates that the trial judge prosecuted defendant in one of the predicate offenses used to adjudicate defendant as a third felony offender.

Defendant argues that the trial judge was made aware that he prosecuted defendant in a prior case before trial started. Defendant asserts that defense counsel informed the trial judge that if defendant was convicted, the State intended to use that prior conviction as a predicate offense when filing a habitual offender bill of information. Defendant further asserts that he requested that the judge recuse himself at that point, but that the request was denied.

On appeal, defendant argues that contrary to the trial judge's assertion, the judge could not be fair and impartial. Defendant asserts that the State and the judge attempted to pressure defendant into pleading guilty. Defendant contends that the judge's repeated reference to the State's plea offer gives the appearance that the judge thought defendant was guilty before trial. Defendant argues that the

---

[9] Defendant testified that another police officer dressed in army camouflage driving a truck pulled up next to his vehicle, but was dismissed by the officers who initiated the stop.

[10] The State played for the jury a portion of a phone call made by defendant from jail to his girlfriend the day after his arrest. During that phone call, defendant stated that the marijuana was a misdemeanor and that the pills were "not real."

trial judge ordered the bailiff to remove Amos St. Cyr, whom he wished to have assist his defense counsel, from the courtroom. Defendant also alleges that the trial judge treated him harshly regarding his failure to return to court after a recess during a previous motions hearing.[11] Defendant concludes that despite the trial judge's denial that he remembered prosecuting defendant, the trial judge should have recused himself, and thus, defendant's conviction and sentence should be vacated.

The State asserts that the trial judge acted appropriately in his denial of the motion to recuse. The State argues that La. C.Cr.P. art. 674 requires a written motion by a party seeking to recuse a judge, and that because defendant failed to file a written motion, there is nothing to review on appeal. The State asserts that even if this Court does look at the merits of the motion to recuse, relief is still not warranted. The State contends that a trial judge is presumed to be impartial and the burden is on the party seeking recusal to prove otherwise. The State argues that if the motion contains valid grounds for recusal, the trial judge must recuse himself or refer the motion to another judge. The State contends that otherwise, the trial judge can overrule the motion.

The State asserts that the situation at hand does not qualify as a reason for recusal under the exhaustive list contained in La. C.Cr.P. art. 671(A). The State contends that previous prosecution on a prior unrelated case does not require recusal. The State asserts that recusal for bias, prejudice, and personal interest is also unwarranted. The State rebuts defendant's claim that the trial judge treated defendant harshly. The State asserts that the trial judge's refusal to allow defendant to have Mr. St. Cyr act as special counsel for the defense was legally proper because Mr. St. Cyr was neither counsel of record, nor a licensed Louisiana

---

[11] Defendant was found in contempt of court for failing to return to court following a recess during a motions hearing.

attorney. The State also argues that neither the State nor the trial judge attempted to pressure defendant into accepting the plea offer, but instead made efforts to ensure that defendant had time to consider the offer. The State contends that the circumstances of defendant's contempt do not support recusal. The State points out that defendant's examples of "harsh treatment" occurred before the judge was even made aware that he previously prosecuted defendant. The trial judge stated that he did not recognize defendant, and defendant does not allege that the judge had any prosecutorial role regarding his current case. The State argues that defendant does not point to any specific ruling indicating bias and that the verdict was returned by a jury. The State further asserts that defendant's habitual offender status was conclusively established by a fingerprint expert and by exhibits. The State contends that defendant did not dispute his prior convictions.

According to the June 25, 2019 minute entry and transcript, defendant orally requested that the trial judge recuse himself and/or grant a mistrial. Defendant stated that during investigations relating to a possible habitual bill proceeding, defendant discovered that the trial judge prosecuted him on one of his predicate offenses from 2007. Defendant acknowledged that there was no indication that he and the trial judge recognized each other. Defendant argued that in his experience, trial judges have recused themselves upon discovering that they are presiding over someone they previously prosecuted. The trial judge reiterated that he and defendant did not recognize each other and stated that he could be fair and impartial. The trial judge denied the requests, and defendant objected. No written motion to recuse was filed.

A party desiring to recuse a trial judge shall file a written motion assigning the ground for recusal. *State v. Neely*, 08-707 (La. App. 5 Cir. 12/16/08), 3 So.3d 532, 537, *writ denied*, 09-248 (La. 10/30/09), 21 So.3d 272; *State v. Page*, 02-689 (La. App. 5 Cir. 1/28/03), 837 So.2d 165, 181, *writ denied*, 03-951 (La. 11/7/03),

857 So.2d 517 (citing La. C.Cr.P. art. 674).[12]  In *State v. Crothers*, 278 So.2d 12, 14 (La. 1973), *cert. denied*, 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973), the Louisiana Supreme Court found that the defendant's motion to recuse was not in writing as required by La. C.Cr.P. art. 674, and therefore, the denial of the oral motion for recusal presented nothing for it to review.  (See also: *Neely*, *supra*; *State v. Lewis*, 97-1244 (La. App. 3 Cir. 3/6/98), 728 So.2d 1, 9, *writ denied*, 98-977 (La. 9/18/98), 724 So.2d 752; *State v. Williams*, 96-1587 (La. App. 4 Cir. 4/16/97), 693 So.2d 249, 252-53, *writ denied*, 97-2513 (La. 4/9/98), 717 So.2d 1138; and *State v. Davis*, 485 So.2d 981, 982-83 (La. App. 4 Cir. 1986), *writ denied*, 488 So.2d 1019 (La. 1986); where these appellate courts recognized that there was nothing to review when the defendants orally moved to recuse the trial judges.)

Because defendant failed to file a written motion assigning the ground for recusal, there is nothing for this Court to review.  Accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER TWO

### *Incomplete and inaccurate transcript*

In his second assignment of error, defendant argues that the record is incomplete and thus infringes on his constitutional right to a full judicial appeal. Defendant contends that the record did not contain the entire transcript from June 24, 2019, and that even after the record was supplemented, the transcripts remain incomplete and inconsistent with the minute entry for that day.  Defendant asserts

---

[12] La. C.Cr.P. art. 674 sets forth the procedure for recusation of a trial judge:

A party desiring to recuse a trial judge shall file *a written motion therefor* assigning the ground for recusation.  The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment.  If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675. (Emphasis added.)

that the minute entry lists which jurors were excused for cause, excused by a peremptory challenge, or selected. He states that the transcript does not contain any of the challenges or what was discussed at the noted bench conferences, but the minute entry shows that defendant used all of his peremptory challenges. Defendant asserts that without those portions of the transcript, it is impossible to determine whether he was forced to exhaust his peremptory challenges because one or more challenges for cause were improperly denied, resulting in a jury that was not favorable towards defendant.

Additionally, defendant argues that the minute entry for June 24, 2019 differs from the corresponding transcript. Defendant asserts that the minute entry shows prospective jurors Earline Colbert and Dorothy Gardner were excused by the court for cause, but that the transcript does not show either of these names called by the judge when excusing prospective jurors. Defendant argues that such inaccuracies and inconsistencies render it impossible to determine whether or not one or more of defendant's challenges for cause were erroneously denied, forcing him to use all of his peremptory challenges and resulting in a biased juror.

The State asserts that the second supplemental record, which was filed in this Court after defendant filed his appellate brief, contains the previously non-transcribed portions of the *voir dire*, the absence of which formed the basis of defendant's second claim on appeal. The State argues that the additional material within the second supplemental record rendered defendant's second claim moot, or alternatively, without merit. Specifically, the State contends that the second supplemental record includes transcripts of the bench conferences where the parties exercised their challenges, and the judge ruled on them. The State also asserts that the second supplemental record reflects that prospective jurors Earline Colbert and Dorothy Gardner were excused for cause by the judge. The State argues that the record is therefore neither incomplete nor inaccurate. The State

concludes that defendant's claim is rendered moot, or alternatively, that it should be denied on the merits based on the current state of the record.

La. Const. Art. I, § 19 provides that no person shall be subjected to imprisonment without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. La. C.Cr.P. art. 843 requires, in all felony cases, the recording of "all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel."

A defendant has a right to a complete transcript of the trial proceedings, particularly where, as in this case, appellate counsel did not represent defendant at trial. Material omissions from trial court proceedings bearing on the merits of an appeal require reversal; however, a slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal does not require reversal of a conviction. A defendant is not entitled to relief because of an incomplete record absent a showing of prejudice based on the missing portions of the transcript. *See e.g.*, *State v. Castleberry*, 98-1388 (La. 4/13/99), 758 So.2d 749, 773, *cert. denied*, 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999); *State v. Spears*, 18-663 (La. App. 5 Cir. 12/11/19), 286 So.3d 1064, 1099. "The materiality of a given omission is measured by the prejudicial effect of the omission on the defendant in accessing the full scope of appellate review[.]" *State v. Youngblood*, 18-445 (La. App. 5 Cir. 5/22/19), 274 So.3d 716, 740.

Here, defendant filed a motion to supplement the record on appeal requesting certain transcripts of the proceedings in this case. On November 12, 2019, this Court granted defendant's motion, ordering that the district court supplement the appellate record with the transcripts of the proceedings held on

May 29, 2019 and June 24, 2019, and the transcript of closing arguments held on June 25, 2019. Pursuant to this Court's order, a supplement to the appellate record was filed on January 7, 2020. Defendant filed his appellate brief on February 3, 2020. Then, on February 12, 2020, the second supplement was filed. This second supplement includes the transcript of all bench conferences held during the *voir dire*.

While defendant accurately notes in his brief that the first supplement to the record does not contain the transcript of the bench conferences during the *voir dire*, the record has since been supplemented again with those transcripts. The deficiencies defendant took issue with in the original appellate record have been remedied by the second supplement to the appellate record, and thus, the issue has been rendered moot. The supplemental record provides the necessary information for a complete review required for defendant to perfect his appeal. Defendant discusses the flaws contained in the original appellate record lodged with this Court. Defendant argues that the transcript does not reflect the trial judge's excusal of Earline Colbert and Dorothy Gardner. However, the second supplement to the record contains these transcripts. Both Earline Colbert and Dorothy Gardner were excused for cause by the court for medical reasons.

In light of the above, we find that defendant has not demonstrated or particularized how he has been prejudiced by the filing of the supplemental appellate transcripts. It appears that the record, as twice supplemented, does not contain any material omissions that preclude defendant from having a complete appellate review, nor is the record, including the supplements, so lacking that any of the assignments of error presented on appeal could not be addressed. Therefore, we find that the record as twice supplemented is sufficient for a proper appellate review, and deny this assignment of error as moot.

# ASSIGNMENT OF ERROR NUMBER THREE

## *Excessive sentence*

Defendant next asserts that his enhanced sentence of twenty years imprisonment is excessive. Defendant acknowledges that he did not file a motion to reconsider sentence, but asserts that the issue can still be reviewed on appeal. Defendant concedes that he has prior narcotics-related offenses. Defendant asserts that while this is a factor to consider, it is not the only factor. Defendant alleges that the trial judge failed to mention his family, his work history, or that he has no history of violence. He argues that the State offered him a guilty plea in exchange for a three-year sentence, but that defendant exercised his right to go to trial and was then sentenced to twenty years imprisonment. Finally, defendant alleges that the trial judge failed to consider any of the factors set forth in La. C.Cr.P. art. 894.1 while sentencing defendant on the habitual offender bill.

The State asserts that defendant's underlying conviction carried a sentencing range of imprisonment, with or without hard labor, for not less than one year nor more than ten years and a possible fine of not more than fifty thousand dollars. The State further argues that as a third felony offender, defendant faced a sentencing range of five to twenty years. The State asserts that the trial judge did not abuse his broad discretion in sentencing defendant to twenty years imprisonment. The State argues that the underlying conviction involved the possession with intent to distribute forty-six pills containing methamphetamine, and he was also in possession of approximately one gram of marijuana at the time. The State also asserts that defendant had prior drug-related convictions dating back almost twenty-five years: possession of cocaine (1995 and 2002), possession of marijuana (2003), two counts of possession with intent to distribute cocaine (2006), and possession with intent to distribute cocaine (2010). The State asserts that defendant may also have a 2002 conviction of battery of a police officer. The

State alleges that, had it chosen to habitual bill defendant as a fourth felony offender, defendant would have faced a sentence of twenty years to life imprisonment. The State also argues that defendant was on parole at the time of the instant offense. The State concludes that these facts demonstrate that defendant has not availed himself of prior opportunities for rehabilitation and instead has continued to engage in narcotics offenses; therefore, the State asserts that defendant's sentence is not unconstitutionally excessive.

Defendant was charged with one count of possession with intent to distribute methamphetamine, and the jury found him guilty as charged. The trial court sentenced defendant to ten years imprisonment at hard labor, pointing out that defendant committed this offense while on parole. The State filed a habitual offender bill of information alleging defendant to be a third felony offender.[13] The trial court then vacated defendant's prior sentence and sentenced him as a third felony offender to twenty years imprisonment at hard labor. Defense counsel generally objected to the enhanced sentence.

The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, limits a defendant to a review of the sentence only for unconstitutional excessiveness. La. C.Cr.P. art. 881.1; *State v. Converse*, 03-711 (La. App. 5 Cir. 12/30/03), 864 So.2d 803, 808, *writ denied*, 04-195 (La. 6/4/04), 876 So.2d 74. While defendant objected orally after he was resentenced as a habitual offender, he did not file a motion to reconsider sentence nor state the grounds for the objection.

---

[13] The predicates for the habitual offender bill were as follows: 1) on November 13, 2007, defendant pled guilty in district court case number 06-1782 to possession with intent to distribute cocaine, a violation of La. R.S. 40:967(A), in Division "C" of the 24th Judicial District Court; and 2) on March 29, 2011, defendant pled guilty in district court case number 10-239 to possession with intent to distribute cocaine, a violation of La. R.S. 40:967(A), in Division "G" of the 24th Judicial District Court.

This Court has held that when the specific grounds for objection to the sentences, including alleged non-compliance with La. C.Cr.P. art. 894.1,[14] are not specifically raised in the trial court, then these issues are not included in the bare review for unconstitutional excessiveness, and the defendant is precluded from raising these issues on appeal. *See e.g.*, *State v. Brown*, 15-96 (La. App. 5 Cir. 9/15/15), 173 So.3d 1262, 1269, *writ denied*, 15-1872 (La. 10/10/16), 207 So.3d 403; *State v. Escobar-Rivera*, 11-496 (La. App. 5 Cir. 1/24/12), 90 So.3d 1, 8, *writ denied*, 12-409 (La. 5/25/12), 90 So.3d 411. Therefore, defendant is not entitled to a review of whether the trial court complied with La. C.Cr.P. art. 894.1 in this appeal and is limited to a review of his sentence for unconstitutional excessiveness. *See State v. Hills*, 03-716 (La. App. 5 Cir. 12/9/03), 866 So.2d 278, 286, *writ denied*, 04-1322 (La. 4/22/05), 899 So.2d 569; *see also Escobar-Rivera*, 90 So.3d at 8.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within the statutory limits, the imposition of that sentence may still violate a defendant's constitutional right against excessive punishment. *State v. Cann*, 471 So.2d 701 (La. 1985). Such a sentence may be considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *State v. Nguyen*, 06-969 (La. App. 5 Cir. 4/24/07), 958 So.2d 61, 64, *writ denied*, 07-1161 (La. 12/7/07), 969 So.2d 628.

Nevertheless, a trial judge is afforded wide discretion in determining a sentence, and a sentence will not be set aside as excessive absent clear abuse of

---

[14] La. C.Cr.P. art. 894.1(C) states that the court must note for the record the considerations and factual basis for an imposed sentence. While the trial judge does not need to articulate every aggravating and mitigating circumstance, the record must reflect adequate considerations in sentencing the defendant. *State v. Smith*, 433 So.2d 688, 698 (La. 1983). In this case, while imposing defendant's original sentence, the trial judge stated that he looked at the factors in La. C.Cr.P. art. 894.1 and considered them. The trial judge stated the sentence imposed was based on what he heard at trial and defendant's prior criminal record.

discretion.  *State v. Forshee*, 395 So.2d 742, 744 (La. 1981); *State v. Taylor*, 04-689 (La. App. 5 Cir. 12/14/04), 892 So.2d 78, 81.  In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions, but may properly review all prior criminal activity.  *State v. Bartholomew*, 18-670 (La. App. 5 Cir. 10/23/19), 282 So.3d 374, 385.  The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.  *State v. Napoleon*, 01-1222 (La. App. 5 Cir. 2/26/02), 811 So.2d 980, 983.  An appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.  La. C.Cr.P. art. 881.4(D).

In reviewing a sentence for excessiveness, the appellate court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice.  *State v. Lobato*, 603 So.2d 739, 751 (La. 1992); *Nguyen*, *supra*.  Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender.  *See e.g.*, *State v. Stokes*, 19-128 (La. App. 5 Cir. 9/4/19), 279 So.3d 517, 523.  An appellate court should consider the following factors: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. *State v. Nguyen*, 958 So.2d at 64.  However, there is no requirement that specific matters be given any particular weight at sentencing.  *State v. Tracy*, 02-227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 516, *writ denied*, 02-2900 (La. 4/4/03), 840 So.2d 1213.

The underlying offense occurred on January 20, 2018.  Effective as of August 1, 2017, the underlying offense carries a sentence of one to ten years imprisonment.  *See* La. R.S. 40:967.  The enhancement applicable to such a third felony offense is a sentence of not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence

prescribed for a first conviction. *See* La. R.S. 15:529.1. As such, defendant faced a sentencing range of between five years imprisonment and twenty years imprisonment as a third felony offender. Defendant was sentenced to the maximum sentence of twenty years imprisonment as a third felony offender.

Effective August 1, 2017, La. R.S. 40:967 was amended to lower the sentencing range for the instant offense, to permit the sentence to be imposed with or without hard labor, and to separate sentencing ranges by aggregate weight of the Schedule II drug. Prior to that amendment, a defendant faced a sentencing range at hard labor of two to thirty years. Further, La. R.S. 15:529.1 has also undergone amendments. Until the amendment effective November 1, 2017, defendant would have faced an enhanced range of not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. Therefore, both statutes underwent changes in 2017, and case law must be considered with these amendments in mind.

Considering the first factor, the nature of crime, this Court has previously looked at the quantity and monetary value of the drugs in question and the general circumstances surrounding the crime. *See generally Stokes*, *supra*; *State v. Arceneaux*, 18-642 (La. App. 5 Cir. 4/24/19), 271 So.3d 362, 367. Here, the record does not reflect a monetary estimate as to the value of the drugs. However, the record states that of the forty-six pills, twenty-one were tested and contained three grams of methamphetamine. The detectives also recovered marijuana.

Regarding the nature and background of the offender, defendant was born on July 24, 1970, and was therefore forty-seven years old at the time of the offense. Defendant had at least five prior felony convictions within twenty-four years. Defendant has the following prior convictions: two convictions for possession of

cocaine (1995 and 2002), possession of marijuana (2003),[15] convictions for two counts of possession with intent to distribute cocaine (2006), and possession with intent to distribute cocaine (2010).[16] At trial, defendant denied any recollection of a possible 2002 conviction for battery of a police officer. Simultaneously with this instant conviction, defendant was convicted by bench trial of possession of marijuana. Further, at the time of the offense, defendant was on parole for his 2011 drug conviction. None of defendant's predicates are crimes of violence. The record contains little other information about defendant's background.

As to the third factor, sentences imposed for similar crimes in this and other courts, jurisprudence provides support for the imposed sentence.

In *State v. Baillio*, 49,093 (La. App. 2 Cir. 6/25/14), 144 So.3d 1162, the defendant pled guilty to charges of carrying a concealed weapon by a convicted felon and possession with intent to distribute a Schedule II controlled dangerous substance (methamphetamine). As to the drug conviction, the defendant was sentenced to serve thirty years at hard labor and fined. At the time of the offense, the sentencing range for the drug conviction was two to thirty years. The appellate court upheld the sentence, pointing out that despite the State's decision not to file a habitual offender bill, the defendant was a fifth felony offender and that his prior offenses spanned more than twenty-five years. The court found it "obvious that the defendant has failed to benefit from prior leniency in sentencing and has continued in the same pattern of criminal activity for more than a twenty-five-year period, escalating his activities from the possession to the sale of illegal drugs. His

---

[15] The record is unclear as to whether these dates (1995, 2002, and 2003) are the respective dates when the previous crimes were committed by defendant, when the previous charges were instituted against defendant, or when defendant was convicted of the previous charges.

[16] The record indicates that these dates (2006 and 2010) respectively are the dates the previous charges were instituted against defendant. Defendant's actual conviction dates on these charges are November 13, 2007 and March 29, 2011, respectively, as noted earlier.

lack of rehabilitation, as evidenced by these facts, qualifie[d] him as the worst type of offender for which a maximum sentence is appropriate." *Id*. at 1166.

Here, defendant was sentenced as a third felony offender to twenty years imprisonment. As seen in *Baillio*, prior case law permitted higher sentencing ranges. Defendant in the instant case and the defendant in *Baillio* both had five prior convictions spanning more than two decades. As in *Baillio,* defendant's criminal record reflects that defendant has escalated his activities from possession to possession with the intent to distribute illegal drugs. This pattern strongly demonstrates that defendant resists rehabilitation, qualifying him as the type of offender for whom a maximum sentence is appropriate. This determination is further supported by the fact that defendant committed the underlying offense while on parole for a previous drug charge. Therefore, based on the nature of the crime, defendant's extensive drug-related criminal background, and sentences imposed by other courts, we find that the enhanced sentence imposed in the present case is not unconstitutionally excessive. This assignment of error is without merit.

## ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990).

While the relevant minute entries state that defendant was advised of the provisions of La. C.Cr.P. art. 930.8 at both the original sentencing and at the habitual offender sentencing, the transcripts reflect that the trial judge did not advise defendant of the provisions of La. C.Cr.P. art. 930.8 at the time of either sentencing. Where there is a discrepancy between the transcript and the minute entry, the transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

Accordingly, by way of this opinion, defendant is hereby notified that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922. *State v. Becnel*, 18-549 (La. App. 5 Cir. 2/6/19), 265 So.3d 1017, 1022; *State v. Barnett*, 18-254 (La. App. 5 Cir. 4/3/19), 267 So.3d 209, 235.

## CONCLUSION

For the foregoing reasons, defendant's conviction and sentence are affirmed.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 24, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 19-KA-518

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          ANDREA F. LONG (APPELLEE)          CYNTHIA K. MEYER (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
LYNN SCHIFFMAN (APPELLEE)
RACHEL L. AFRICK (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053