Judgment rendered March 9, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,261-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CHRISTOPHER T. SANDERS                      Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 362,973

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Holli Ann Herrle-Castillo

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

ROSS S. OWEN
SENAE D. HALL
TOMMY J. JOHNSON
Assistant District Attorneys

* * * * *

Before MOORE, STEPHENS, and THOMPSON, JJ.

**THOMPSON, J.**

This appeal of the length of a sentence for armed robbery arises from an employee, during an armed robbery of his place of employment, holding a coworker at gunpoint, terrorizing her, and repeatedly threatening to kill her while he stole money from their workplace. The entire incident was captured on the store's surveillance cameras. The jury unanimously convicted him of armed robbery, and he was sentenced by the trial court to a midrange sentence of 45 years out of the possible 10 to 99-year sentencing range on the armed robbery charge and a consecutive 5-year sentence enhancement for use of a firearm in the commission of his crime. For the following reasons, we affirm his sentences.

### FACTS

On the morning of September 29, 2018, Bobbie Parsons ("Parsons") arrived at the Big Lots store located in Shreveport, Louisiana where she worked as a store manager. The defendant, Christopher T. Sanders ("Sanders"), who was an employee of the store at the time, was already at the store. Parsons later testified that she incorrectly believed Sanders was scheduled to work that day, so his appearance at the store that morning was not unusual. Parsons had not worked the day before and did not realize that Sanders was actually not scheduled to work the day of the incident. Sanders had worked at the Big Lots for approximately three months prior to this incident.

That morning, Parsons opened the store, and she and Sanders entered together. Parsons clocked in, put her purse away, and moved to the front of the store. Sanders, who was behind her, called Parsons's name, and when she turned around, he was pointing a handgun directly at her. Sanders took

her phone away and told her to go into the office. Parsons complied with all of Sanders's demands.

Once in the office, Sanders told Parsons to enter the code to unlock the office or he would kill her. Parsons turned off the alarm, unlocked the door, and opened the safe holding the store's money for the day. Sanders told her to give him all of the money. Parsons testified that there was a $2,500 safe balance, as well as other deposits that she believed totaled approximately $2,000 each. Sanders was holding and pointing the handgun at Parsons the entire time. Parsons testified that after Sanders had the money, he told her to stay in the office or he would kill her. Before leaving, Sanders disabled the phone in the office to prevent Parsons from calling for assistance. Sanders then left the store.

Parsons tried to reassemble the phone so she could call for help but was not able to do so. She looked in the other offices, for fear Sanders would make good on the threats to kill her, and when she did not see him, she went into another office and used the phone to call the police. The entire incident was captured by the store's surveillance cameras. When the police arrived, Parsons identified Sanders as the perpetrator, and she also later identified him in a police lineup.

Sanders was arrested and charged with armed robbery and an additional penalty for the use of a firearm in the commission of the crime. A jury trial was held, and Sanders was unanimously convicted of both counts. The trial court sentenced Sanders to 45 years at hard labor without benefits on the armed robbery count and five years at hard labor on the enhancement charge for use of a firearm during the commission of the robbery. The two sentences were ordered to run consecutively. This appeal followed.

## DISCUSSION

__Assignment of Error__:    **The 45-year sentence imposed is excessive.**

In his only assignment of error, Sanders argues that his 45-year sentence is excessive. He argues that the trial court failed to give adequate consideration for the mitigating factors in this case and that the sentence is out of proportion based on the facts of the case.

Generally, appellate courts apply a two-pronged test when reviewing a sentence for excessiveness. *State v. Cooksey*, 53,660 (La. App. 2 Cir. 5/26/21), 316 So. 3d 1284, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074. First, the court must determine whether the trial court adequately considered the sentencing guidelines established in La. C. Cr. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reveals that he adequately considered the guidelines of the article. *State v. Gardner*, 46,688 (La. App. 2 Cir. 11/2/11), 77 So. 3d 1052. Important elements that should be considered include the defendant's personal history (age, family ties, marital status, health, and employment record), his criminal history, the seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Gardner*, *supra*.

Second, a sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorothy*, 623 So. 2d 1276 (La. 1993); *Gardner*, *supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *Gardner*, *supra*. The trial court has wide discretion is imposing sentence within the

minimum and maximum limits allowed by the statute, and a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. *State v. Reese*, 49,849 (La. App. 2 Cir. 5/20/15), 166 So. 3d 1175, *writ denied*, 15-1236 (La. 6/3/16), 192 So. 3d 760.

The Louisiana legislature has established the penalty for the offense of armed robbery as imprisonment at hard labor for not less than ten years and not more than 99 years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64(B). At the sentencing hearing in this matter, the trial court heard that Sanders had completed anger management and substance abuse programs while incarcerated pending trial and sentencing. Sanders's attorney also informed the court that he has a family, including two daughters and four sons, a sister, two nephews and a niece, and an 87-year-old father. Sanders accepted responsibility for his actions and asked the court to consider the above facts when imposing the sentence.

The trial court stated that it considered the nature of the charge and the testimony at trial in addition to the likelihood that Sanders would commit the crime again. It considered Sanders's criminal history, which the trial court described as extensive and which included felony charges. The court noted that Sanders had other pending violent charges, including a number of armed robberies and battery of a police officer. The trial court stated that it would consider the fact that Sanders attempted to rehabilitate himself "somewhat." However, based on the totality of the circumstances, the trial court imposed the midrange sentence of 45 years for armed robbery and 5 year sentence for the firearm enhancement, with the sentences to be served consecutively as required by law, with credit given for time served.

Although Sanders argues that the trial court did not take account of mitigating factors before imposing the sentences, we find this argument unpersuasive. The record reflects the trial court gave adequate consideration to the sentencing guidelines provided in La. C. Cr. P. art. 894.1, including mitigating factors presented by Sanders.

As to the constitutionality of the sentence, Sanders argues that the sentence is excessive because the armed robbery in this case was not particularly violent in nature. We disagree. At the outset we note that Sanders's 45-year sentence is less than half of the maximum sentence that the trial court could have imposed for a crime captured on the store's surveillance video and for which the jury quickly and unanimously convicted him. The record also reflects that Sanders has a lengthy criminal history and that his victim in this case was significantly traumatized by the robbery. Sanders repeatedly and convincingly threated to kill Parsons while pointing a firearm at her. Any suggestion that those threats on Parsons's life, coupled with the clear ability and absence of any hesitation to affect those threats, ignores the terror and trauma inflicted on his victim.

Sanders's argument that his crime was not violent is belied by his victim's testimony at trial. Parsons testified:

Q. Okay. And so when you all get to the first office, what happens?

A. He tells me, don't mess up, just enter the code and get us in or he would kill me.
...
Q. Why did you turn off the alarm?

A. Because he told me he would kill me if I didn't.

Q. Why did you give him the money?

5

A.     For the same reason. He had a gun pointed at me and said he would kill me if I did not cooperate.

...

A.     And then I waited in that office until the police arrived and dispatch told me to go outside.

Q.     All right. To the best of your recollection, what was the threat, if any, made in order to give him the money?

A.     He just kept repeating that if he wanted, he would kill me.

...

Q.     Okay. While you were in the office, do you recall his saying-- asking you not to call the police, and threatening to kill himself if you called the police? Do you recall that?

A.     I don't recall him saying anything about the police. I do recall him saying he would kill me.

For Parsons, this crime was committed by a trusted coworker in her place of business. Sanders made no effort to disguise himself or hide from the surveillance cameras, which captured the entire event on video. Parsons reasonably feared for her life, as Sanders repeatedly pointed a gun at her and told her that he would kill her if she did not comply with his demands. Given the violent circumstances of this case, the 45-year sentence does not shock the sense of justice and is not out of proportion to the offense committed by Sanders. Sanders has failed to show that the trial court abused its discretion in imposing this sentence and that the sentence is constitutionally excessive. His assignment of error is without merit.

**ERROR PATENT**

La. R.S. 14:64.3(A) states that when the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The record

6

reflects that the trial court failed to state that the firearm enhancement sentence was imposed with restricted benefits.

A defendant in a criminal case does not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *Williams*, *supra*; *State v. Smith*, 53,827 (La. App. 2 Cir. 3/3/21), 315 So. 3d 407. When the trial court fails to order that a portion of a sentence be served without benefits as statutorily mandated, the sentence will automatically be served without benefits for the requisite time period. *Smith*, *supra*; *State v. Williams*, 52,618 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1241. La. R.S. 14:64.3 statutorily mandates that the sentence be served without benefits, and the trial court's failure to declare that this sentence be served with restricted benefits is harmless and self-correcting.

## CONCLUSION

For the foregoing reasons, we affirm Sanders's sentences.

**AFFIRMED.**

7